## CHARLES E. THOMPSON *v.* JOSEPH H. WOOD.

This court will not reverse the finding of a referee upon a question of fact, although it differs from him in the result at which he has arrived, if there is conflicting evidence upon the point.

In an action brought by an employee to recover the contract price agreed to be given him, upon an averment of readiness and tender of performance on his part,

and refusal to accept performance on the part of his employer, it is no defence that a former action has been brought by him to recover both damages for the defendant's breach of the contract in discharging him and a balance of salary up to the time of his discharge, where the claim for damages was withdrawn upon the trial, and judgment rendered only for the balance due for services actually rendered prior to the discharge.

And a tender of performance having been made prior to such action, it is not necessary to repeat the tender in order to maintain a new action on the contract.

In such an action, the employee, having been discharged without just cause, is entitled *prima facie* to recover the full amount of the contract price up to the time of the commencement of the action. It devolves upon the defendant to show, in mitigation of damages, that the plaintiff might have obtained employment elsewhere.

APPEAL by defendant from a judgment entered on a report of a referee. The plaintiff brought this action to recover two months' salary. He claimed to have been employed by the defendants for one year from the 1st May, 1854, at a salary of $1,500, as superintendent of their factory—averred a readiness and tender to perform on his part, but a refusal on theirs to allow him to do so, and claimed the proportionate amount of salary due from 20th September, 1854, at which time he was discharged, to the 23d day of November, 1854, the time of the commencement of the action. The defendants denied that the plaintiff was hired by the year, and plead in bar a former recovery in the Marine Court for the same cause of action. Upon the trial they also offered evidence for the purpose of showing that they had good reason, in the plaintiff's inattention to his business, for discharging him as they did in September. The cause was tried before a referee. Two witnesses, Ira Merchant and Eliphalet Noyce, sworn for the plaintiff, testified to conversations on the part of the defendants, in which they stated that the plaintiff was employed for the year. The defendants then proved that in October an action was brought against them by the plaintiff to recover a balance due for services, and also damages for breach of contract. But it also appeared that the claim for damages was withdrawn on the trial, and judgment rendered only for a small balance due the plaintiff at the time of his discharge. The defendants also offered some evidence for

the purpose of showing that the plaintiff was inattentive to his business. It appeared by the testimony that he was confined at his home in Fordham by sickness for some little time prior to his discharge, but there was no evidence of any complaint with him on that account. It also appeared that he was seen several times at the races on Long Island, and there was some conflicting evidence as to his habits—whether temperate or not, and whether he was attentive to his business, or otherwise. It further appeared that the plaintiff tendered his services to the defendants prior to the suit in the Marine Court. There was no evidence of any subsequent tender, nor did the plaintiff offer any evidence of any special damage. The referee found, as matter of fact, that the plaintiff was hired for the year, at a salary of $1,500, and was discharged without just cause, and reported in the plaintiff's favor for the full amount of his salary, from the time of his discharge up to the time of the commencement of the action. Judgment was perfected on this report, and the defendants appealed therefrom.

*C. N. Potter,* for the appellants, contended, 1st. That the plaintiff must show a tender of performance subsequent to the suit in the Marine Court, in order to recover. 2d. That in the absence of special damage the plaintiff could recover only nominal damages, citing *Sherman* v. *Comstock,* 21 Wend. 257 ; *Clark* v. *Marseglia,* 1 Denio, 317 ; *Wilson* v. *Martin,* ibid. 602 ; *Spencer* v. *Halstead,* ibid. 606 ; *Hecksecher* v. *McCrea,* 24 Wend. 304 ; *Ogden* v. *Marshall,* 4 Selden, 340 ; *Dunn* v. *Murray,* 9 B. & C. 780 ; 4 S. C., 4 M. & R. 571 ; *Clark* v. *Mayor of New-York,* 4 Coms 343. 3d. That the suit in the Marine Court was a bar to this— or at least a bar to the recovery of any damages sustained prior to the commencement of that suit, citing *Bouchaud* v. *Dias* 3 Denio, 243 ; *Bruen* v. *Hurd,* 2 Bar. 596 ; *Fish* v. *Folley,* 6 Hill, 54 ; *Embury* v. *Connor,* 3 Coms. 522.

*James Parker,* for respondent.

INGRAHAM, FIRST JUDGE.—There was sufficient evidence as

to the employment of the plaintiff by the defendants to carry the question to the referee. Even if Merchant's testimony was doubtful, Noyce testified expressly to the admission of defendants, made on 1st May, 1854, that the plaintiff was to remain in their employ for another year. The question belonged to the referee, and he has passed upon it, so that we cannot interfere with his finding on this point.

There was no necessity for a new offer of services after the recovery in the Marine Court action. The court allowed the plaintiff to withdraw his claim for damages for the breach of the contract, and the court only gave judgment for the balance of salary up to 20th September, when the plaintiff was discharged from defendants' employ. If, after the plaintiff's offer to perform, which was refused, the defendants had determined to employ the plaintiff again, he should have given him notice that he required his services: not having done so, the presumption of law is, that his determination, before expressed, not to employ him, still remained unchanged.

The defence of misconduct, to warrant the plaintiff's discharge, is not set up in the answer.

The referee has, however, passed upon this defence on con flicting testimony, and the remarks upon the first point are equally applicable and conclusive as to this one.

The judgment in the Marine Court was no bar to this action. Where an agreement of this kind is broken, the person employed has his election, either to sue for his wages as they become due from time to time, or to bring one action for damages for the breach of the contract. If such action is brought before the term of hiring has expired, and the party recovers damages for such breach of the contract, such recovery estops him from bringing another action. But if his action is merely to recover the wages due at the time of bringing the action, he is not thereby deprived of his right either to recover wages subsequently becoming payable, or an action for damages for the subsequent breach of the agreement in not employing the plaintiff according to the contract.

Upon the trial of this case in the Marine Court (as the justice testifies), he permitted the plaintiff therein to withdraw the claim for services since the 20th September, and that he only passed upon the claim for wages up to that date. This is conclusive to show that the claim for damages was not adjudicated upon in that action.

There is no ground for interfering with the report of the referee in this case upon any of the points above stated.

The remaining question is as to the amount of damages which the plaintiff should recover. This point was discussed in *Hein* v. *Wolf* (1 E. D. Smith, p. 70), and the right to recover, as damages, the full amount, was held to be proper, unless it appeared that the party could have procured other employment. The obligation to show this rested on the defendants. The same extent of liability is recognized in *Costigan* v. *The Mohawk and Hudson R. R. Co.* (2 Denio, 608), in which the court says: "The defence set up should be proved by the one who sets it up. He seeks to be benefited by the fact, and he should therefore prove it." In that case the court also held that, as the plaintiff had not been shown to have had other employment, the recovery might extend to the full compensation promised by the contract.

There is evidence that the plaintiff was sick at Fordham, and such sickness, if it rendered the plaintiff permanently unable to discharge his duties, might authorize his discharge; or if, when his services were tendered, he was unable to discharge his duties, such tender might be unavailing. This tender was made shortly before the commencement of one of the actions; and the sickness at Fordham appears to have been in August, and to have terminated before the 26th September, because on that day it is in proof that the plaintiff went to the races, and the witness speaks of it as having been after the sickness at Fordham, and that was after the discharge on 20th September. The referee also finds that such discharge was without just cause, and I conclude, therefore, his finding was against the defendant on this point.

However I might differ with the referee in the result to which

he has arrived, still I could not interfere with his finding. The facts are conflicting, open to discussion, and perhaps in some respects to doubt, as to the proper conclusions upon them, but the report is not so clearly against the weight of evidence as to warrant this court in setting it aside.

Judgment affirmed.