BERNARD MAGUIRE, Assignee of HIRAM H. PLATT v. DAVID WOODSIDE & LUTHER HAYDEN.

The defendants, as shipping masters, agreed with P. to procure him employment on board a certain vessel, as carpenter for the voyage, at $23 a month, and to notify him of the sailing of the vessel in time to enable him to get on board. They failed to give him timely notice, and the vessel sailed without him.

In an action upon the contract, where it appeared that the breach complained of resulted in a loss of employment by P., attended by inability to obtain other service,

Held, I. That the damages recoverable were the same as if the service of P. under the agreement had actually commenced and he had been improperly discharged.

II. That proof of a custom that shipping masters, in such cases, act as agents of the captain of the vessel, was inadmissible.

III. The action being brought before the term of the employment agreed upon expired, the recovery was limited to the damages sustained up to the time of the trial.

APPEAL by defendants from a judgment of the Fifth District Court. The facts are fully stated in the opinion.

H. P. Hadman, for the appellants.

F. H. B. Bryan, for the respondent.

By the Court, BRADY, J.—The defendants, who are shipping masters, agreed, on or about the 23d January, 1857, with H. H. Pratt, the assignor of the plaintiff, to give him a berth, or to ship him on board the Lewanteen, then about to sail on a foreign voyage from the port of New York, as a carpenter, at the rate of $23 per month, and to pay him two months' wages in advance. The assignor was to receive notice of the sailing of the ship in time to enable him to get on board. The vessel sailed on the 30th January, 1857, before the assignor, after notice of the intended departure, had time to board her; and on the 9th February, 1857, this action was brought to recover damages for a violation of the contract. On the facts, the finding of the justice in favor of the plaintiff is conclusive, being fully sustained by the testimony, although it may be, in some respects, conflicting. The

only questions on this appeal to be passed upon, are, whether the offer to prove a custom, which will be stated hereafter, was properly excluded ; and whether or not the damages awarded by the court below are warranted by the rules of law applicable to this and kindred cases. In this case, as already stated, the contract was made with the defendants, who are shipping masters. The offer referred to was embraced in the following question : " What is the custom of shipping men on board of ships *by the landlord* in person, *who engages to ship them ;* and do they act in this matter as the agent of the captain ?" A mere statement of this is sufficient to show its utter irrelevancy. The agreement herein proved, depended not upon custom, and was not made by a landlord engaging to ship another, but was made with the defendants by the assignor. The exclusion of the question was therefore proper.

It has been held that where a seaman, hired for the outward and return voyage, was improperly dismissed by the captain before the service was completed, a recovery of wages by the seaman for the whole time was proper, deducting what he had otherwise received for his services after his dismissal, and during the time for which his employer was bound to make payment, (Abbott on Ship., 4th Am. ed., 442, 443 ; *Hoyt* v. *Wildfire*, 3 Johns. 518 ; *Ward* v. *Ames*, 9 Id. 138 ; *Emerson* v. *Howland*, 1 Mason, 51, 52); but this case depends, in some degree, upon principles not embraced within the rule just stated. The contract here is not for services to the employer, but to secure employment under another, and a violation of that agreement. The assignor never entered upon the performance of the service promised, and there was no performance, partial or otherwise, of the actual service contemplated, although the assignor held himself in readiness to perform his contract with the defendants. Under such circumstances, the assignor could recover only the actual damages sustained by the breach complained of. The proof showed that the assignor's board, during the time he was awaiting the sailing of the vessel, was $4 per week, and that, although efforts were made thereto, he was unable to secure other employ-

ment.    When the cause was tried (2d March, 1857,) a period of about five weeks had expired, and the justice found for the plaintiff, awarding the sum of $50 for damages.    The board of the assignor at $4 per week, and his payment at the rate of $23 per month, would warrant a finding of at least $48.75.    We cannot say that this would not be a fair compensation, recompense, or satisfaction to the assignor for the injury complained of.    It is difficult to determine, in a case like this, precisely what would be the best mode of ascertaining the damages sustained; but, if the breach result in a loss of employment, and be attended by inability to obtain another service, it does not seem unreasonable to adopt the same rule, which would be applied in case the service had commenced, and the party had been improperly discharged, provided such application would not operate oppressively.    Adopting this rule as suggested, there is a slight excess in the finding; but it falls within the principle *de minimus non curat lex*, and, as substantial justice has been done, the judgment should be affirmed.

Judgment affirmed.