JOHN A. MOODY *v.* EDWARD B. LEVERICH *et al.*

A servant wrongfully discharged by his master cannot wait till the expiration of the period for which he was hired, and then sue for his whole wages on the ground of a constructive service. His only remedy is an action for the breach of the contract of hiring.

When wrongfully dismissed, he is restricted either to an action to recover for the services actually rendered, or to a general action for damages for the breach of the contract; in which he may recover any amount due for services, and also compensation for damages sustained by the further breach of the contract, in wrongfully dismissing him.

APPEAL by defendant from a judgment of the general term of the Marine Court, affirming a judgment entered upon the decision of a judge at trial term.

The action was brought October 28th, 1870, to recover wages due, and the complaint alleged that the plaintiff had been hired by the defendants to act as superintendent of certain machine works for a year from March 23d, 1870, at the yearly salary of $3,000, payable in monthly installments, payable at the expiration of each month. That, on August 1st,

Moody v. Leverich.

1870, he was wrongfully discharged.  That he had always held
himself ready and willing to perform the services for which he
was engaged, but that the defendants had refused to allow him
to do so.   That he had not been paid for any services rendered
since June 23d, 1870.   That on September 23d, 1870, there
was due him $250, and on October 23d, 1870, the further sum
of $250, making a total of $500, which he claimed to recover.

The defendants, by their answer, set up as a bar to the
action that, on September 5th, 1870, the plaintiff had com-
menced an action in the Marine Court for the same cause of
action, to wit, the wrongful dismissal of the plaintiff by the
defendants on August 1st, 1870, and therein had claimed to
recover his salary for the months ending July 23d, and August
23d, 1870, and that in that action he had recovered a verdict
for the amount claimed less an admitted counter-claim due from
the plaintiff to the defendants, to wit, $500 less the sum of
$32 96.   On the trial the facts appeared as stated in the plead-
ings.   A motion was made by the defendant to dismiss the
complaint upon the ground that the plaintiff had recovered
judgment against the defendants for damages for a breach of
the same contract set up in the complaint, and for the same
cause of action, to wit, the wrongful dismissal of the plaintiff
by the defendants, and their refusal to permit him to render
further services.

The motion was denied, and the defendants excepted.

The judge rendered a decision in favor of the plaintiff for
the amount claimed.

*Convers & Lyman*, for appellants.

*J. M. Dixon*, for respondent.

BY THE COURT.*—DALY, ·CH. J.—This action is founded
upon the assumption that, if the contract for the hiring of the
servant is for a year, at a salary payable in monthly install-

---

* Present, DALY, Ch. J., ROBINSON, and J. F. DALY, JJ.

ments, and the master wrongfully dismisses the servant before the expiration of the year, the servant, after his dismissal, may sue for and recover each installment as it becomes due, if he has held himself, during the time, ready and willing to render the service contracted for. That there is, in other words, in such a case, a constructive service on the part of the servant.

This idea of a constructive service is founded upon a decision of Lord Ellenborough (*Gandell* v. *Pontigny*, 4 Camp. 375), where a servant having been discharged before the expiration of the quarter for which he had been engaged, Lord Ellenborough said that as the plaintiff had served a part of the quarter, and been willing to serve for the residue, he might, in contemplation of law, be considered to have served the whole.

This was merely a *nisi prius* decision, and whatever weight it may have derived from the eminence of Lord Ellenborough, it possesses no longer; for, as a rule of law, it must now be regarded as repudiated.

In *Archard* v. *Hornor* (3 Car. & Pay. 349) it was held, that if the servant is turned away improperly before the end of the year for which he was engaged, he cannot recover upon a count stating the contract to be one for an entire year, and that if he sues for wages under the contract, he can recover only for the period during which he served. In other words, if he sues upon the contract, for the wages contracted for, performance is essential to a recovery.

In *Smith* v. *Haynar* (7 A. & El. 544), the court approved the decision in *Archard* v. *Hornor*. The four judges who delivered opinions, expressed their dissatisfaction with Lord Ellenborough's decision in *Gandell* v. *Pontigny*. Lord Denman said that *Archard* v. *Hornor* was grounded on the better reason. Williams, J., that it had more reason and authority to support it. Patterson, J., declared that if it were necessary to choose between the two, he should prefer *Archard* v. *Hornor*, and Coleridge, J., said that he was not satisfied with the decision in *Gandell* v. *Pontigny*.

A few years afterwards the case of *Aspen* v. *Austin* (5 Ad.

& El. (N. S.) 691) came up in the same court.  It was an action for a breach of covenant in wrongfully dismissing the plaintiff, whom the defendant had covenanted to employ for a certain period, at a fixed weekly salary.  Lord Denman said that the defendant had covenanted to pay weekly sums to the plaintiff for three years, on condition of the plaintiff performing what was, on his part, a condition precedent; and that the plaintiff would be entitled to recover these sums, whether he performed the condition or not, if he were ready and willing, and offered to perform it, but was prevented by the defendant from doing it.

This was sixteen years after the decision of *Archard* v. *Hornor*, and seven years after Lord Denman and his associates had, in *Smith* v. *Hayward*, approved *Archard* v. *Hornor*.  It was a decision upon the pleadings, and from what followed in the same and other courts afterwards, I presume that Lord Denman did not give much consideration to the point, as judgment was given for the defendant upon the pleadings, and the point was, therefore, not directly involved.

In *Fewing* v. *Tisdall* (1 Exch. R. 295), the servant was dismissed without a month's warning, and her wages being paid only up to the time of her dismissal, she brought an action to recover a month's wages, commencing from the day of her dismissal.  It was held, that the action could not be maintained; all the judges agreeing that *Archard* v. *Hornor*, which, Pollock, C. B., said, was recognized by all the courts, was decisive of the case.

In *Elderton* v. *Emmons* (6 Man. Gr. & Scott, 178), Baron Parke said, that to hold, where the employer determined the relation by a wrongful dismissal, that the servant may entitle himself to wages for the whole term, by being ready to serve, was a doctrine, that, if sanctioned, would be of pernicious consequences.

In the note of Mr. Smith, to *Cutter* v. *Powell* (2 Smith's Leading Cases, 20), that learned commentator states three remedies that a servant has, who has been wrongfully dismissed; the second of which he states as follows: "2. He may wait till the termination of the period for which he was hired, and may

then *perhaps* sue for his whole wages in *indebitatus assumpsit*, relying on the doctrine of constructive service," for which he cites Lord Ellenborough's decision in *Gandell* v. *Pontigny*.

In *Goodman* v. *Pocock* (15 Ad. & El. (N. S.) 582), Patterson, J., said that ·Mr. Smith had very properly expressed himself with hesitation as to this second proposition ; and Erle, J., in referring to it, said, "I think the servant cannot wait till the expiration of the period for which he was hired, and then sue for his whole wages, on the ground of a constructive service after dismissal. I think the true measure of damages is the loss sustained at the time of dismissal."

In *Whitaker* v. *Sandifer* (1 Duval (Ky.), 261), and in *Chambertine* v. *McAllister* (6 Dana (Ky.), 352), C. J. Robertson, a very eminent judge, held that readiness and willingness to perform, after a wrongful discharge, was not equivalent to full performance, and that all the employee was entitled to recover was the actual damages he sustained for the ·disappointment and loss of equally profitable employment.

In *Clark* v. *Marsiglia* (1 Den. 317), the defendant delivered to the plaintiff a number of paintings to be cleaned and repaired, at a certain price for each, and after the plaintiff had proceeded to a certain extent in the work the defendant countermanded it, but the plaintiff went on, finished the cleaning and repairing of ·the pictures, and recovered in this court the full contract price. The judgment was reversed upon the ground that all that the plaintiff could recover was a recompense for the labor done and materials used when the countermand was given, and *such further sum in damages* as might, upon legal principles, be assessed for the breach of the contract. And in *Durkee* v. *Mott* (8 Barb. 423), an· analogous case, a like rule was applied. I cite these two cases, though not strictly cases between master and servant, because they come under, and serve to illustrate, a rule in the law of contracts, which is as applicable to the contract between master and servant as to any other.

I might pursue this examination by citing many cases, both in this country and in England, that are, by analogy, inconsis-

tent with this doctrine of constructive service, and reasons might be adduced to show that there never was any foundation for it; but I deem it sufficient to rely upon the authority of the cases above cited, to show that it is now wholly repudiated.

In *Thompson* v. *Wood* (1 Hilt. 96), my former colleague, Judge Ingraham, said that a servant wrongfully discharged had his election to sue for his wages as they became due from time to time, or to bring an action for damages. That if he recovered damages it estopped him from bringing any other action; but that if his action was for wages due when the action was brought, it did not estop him from bringing another action for wages subsequently payable, or an action for damages for the subsequent breach of the agreement.

It may be said, in respect to this case, that the question of constructive service was not necessarily involved, as in the action set up as a bar, the plaintiff recovered only for the wages due at the time of his discharge, which the court held was no bar to the second action, and it may have been treated as an action for damages for the breach of the contract in discharging the plaintiff before the expiration of the year; for although the claim was to recover two months' salary, the action is referred to, by Judge Ingraham, as an action for damages. The referee in that case reported in the plaintiff's favor for the full amount of the salary, and in an action for damages the salary may, in the discretion of the jury or referee, be taken, in the particular case, as an adequate and proper measure of damages (*Smith* v. *Thompson*, 8 Man. Gr. & Scott, 44). What Judge Ingraham said, therefore, in respect to the right of a servant wrongfully dismissed, to sue thereafter for his salary from time to time, as it becomes due, may be regarded as a *dictum*, and as no authorities for this proposition are referred to by him, I infer that he stated the law as he supposed it to be, upon the authority of Lord Ellenborough's decision in *Gandell* v. *Pontigny*, and that his attention was not called to the subsequent cases impeaching the soundness of that decision.

In *Heim* v. *Wolf* (1 E. D. Smith, 73), my late colleage, Judge Woodruff, stated the law much more in accordance with these

subsequent cases.    He said, "Where the employer dis-
charges the person from his employ, he may wait until his
wages become due, and then recover them; but that rule is to
be taken with restrictions.    He recovers, not for services ren-
dered, but damages for breaking the contract, by discharging
him before the termination of his agreement—that is, for re-
fusing to employ and pay him according to the contract.    If it
appears that he was idle and could not obtain other employ-
ment, his damages would be the whole compensation agreed
on; but if he obtains employment, then he is entitled only to a
partial recovery."

In *Huntington* v. *The Ogdensburg, &c. Railroad Co.* (33
How. Pr. 416), the plaintiff was employed for a fixed period at a
monthly salary, payable on the first of every month.    Before
the expiration of the period agreed upon, and on the sixth day
of the month of June, he was dismissed by the defendants,
against which he protested, and offered to continue his services.
The plaintiff brought an action to recover his salary for the
month of June, and it appearing that he had obtained other
employment during the month, Potter, J., said: "The plaintiff's
right in this action, as I understand the law, is not for services
actually rendered, but as for services offered to be performed,
which the defendants refused to receive, and that thereby the
plaintiff is entitled to recover the amount of wages he was to
receive by virtue of his contract.    *    *    *    If he seeks and
finds employment, as seems to be his legal and moral duty,
then the damages he would otherwise be entitled to recover by
reason of the breach, are to be diminished or regulated by his
actual loss, depending upon the actual value to him of the bene-
fits obtained, or to be obtained, from such new employment."
Although the law, as stated in the outset of these remarks, is
not in accordance with the authorities that have been cited, the
conclusion is correct that the month's wages may be the proper
measure of damages, less the value of the employment obtained
by the plaintiff during the month; treating the action as one
for the recovery of damages for the breach of the contract in
wrongfully dismissing the plaintiff, and not for the recovery of

a month's wages upon the contract, the plaintiff having been dismissed before the wages for the month had been earned.

In *Van Alstyne* v. *The President, &c. of the Indiana, &c. Railroad Co.* (34 Barb. 28), the plaintiff was employed for a year at a monthly salary. During the year, the plaintiff was discharged at his own request, the agreement was vacated by mutual consent, and the plaintiff was paid up in full on the day when he left. He afterwards sued the defendants for two months' salary accruing after he left, and obtained judgment by default. He then brought another action to recover his salary for the two months ensuing, and the court held that the defendants, by suffering the previous judgment to go by default, were not precluded from setting up in the second action that the agreement for the year's service had been vacated by mutual consent. The plaintiff in the case now before us relies strongly upon this case; but I do not see that it has any material bearing upon the question under consideration.

Regarding it as settled, upon the authority of the cases which I have cited, that there can be no recovery of the wages stipulated for by the contract, except where the services contracted for have been rendered, it follows that the remedy which the servant has for any loss or injury he may sustain by his wrongful dismissal before the expiration of the period for which he was engaged, is a general action for damages. If at the time of his discharge any amount is due by the terms of the contract, he may of course sue upon the contract and recover it (*Archard* v. *Hornor*, supra; *Peck* v. *Burr*, 10 N. Y. 294). If, by the contract, his wages are payable by the month, or the quarter, and by being dismissed before the period arrives he is unable to render the services which, by the terms of the contract, entitle him to the monthly or quarterly stipend, he may, if he thinks proper, treat the contract as rescinded, and sue to recover for the value of the services actually rendered; or he may bring an action to recover damages for the breach of the contract; and in that action any installment that may have become due to him by the terms of the contract, or the value of the services rendered up to the time of his discharge

(where he is discharged before the expiration of the month or quarter), will be taken into account and allowed him in adjusting the measure of his damages; but if he were fully paid up to the time of his discharge, then the sole measure of his damages will be the loss or injury occasioned by the breach of the contract (*Classman* v. *Lacaste,* 28 Eng. Law & Eq. R. 130; *Goodman* v. *Pocock,* 15 Ad. & El. 576; *Hochster* v. *De La Tour,* 2 E. & Bl. 691; *French* v. *Brookes,* 6 Bing. 354; *Smith* v. *Thompson,* 6 Man. Gr. & Scott, 44; *Emmons* v. *Élderton,* 4 House of Lords Cases, 624, on appeal, and in 4 Man. Gr. & Scott, 479, and in 6 Id. 160; Smith's Law of Master and Servant, p. 94, notes 9, 99, 100; Mayne on Damages, pp. 107, 108, 109).

In this action ample, full, and final satisfaction is obtained, and the jury, therefore, in assessing the damages, would be justified, in the language of Lord Campbell, "in looking at all that had happened, or was likely to happen, to increase or mitigate the loss of the plaintiff down to the day of trial" (*Hochster* v. *De La Tour, supra*). In this action, he recovers all the damages he suffers by the breach of the contract, or that may ensue to him in consequence of it, and any amount that may be due to him by the terms of the contract, and the value of any unrequited service he may have rendered up to the day of his discharge. This is, therefore, the appropriate remedy. He cannot pursue both—that is, he cannot sue upon a *quantum meruit* for the services actually rendered and also have an action for damages; because by bringing the first action he treats the contract as rescinded, and because he can have but one action where the claims have all accrued and all grow out of the same contract (*Colburn* v. *Woodworth,* 31 Barb. 382; *Bendernagle* v. *Cocks,* 19 Wend. 207; *Guernsey* v. *Carver,* 8 Id. 492; *Goodman* v. *Pocock,* 15 Ad. & El. N. S. 576; *Classman* v. *Lacaste,* 28 Eng. Law & Eq. R. p. 141). The good sense, justice, and propriety of the latter rule—that there ought, in such a case, to be but one action—is to my mind very apparent, and is sustained by the authority of the cases above cited; but it must be regarded in this State, at least, as somewhat unsettled, since

the opinions expressed by Justice Strong, in *Secor* v. *Sturgis* (16 N. Y. 548), and by Justice Wells, in *McIntosh* v. *Lown* (49 Barb. 550).

The general view of the law which I have expressed, and which has been arrived at after an examination of the various authorities brought to our attention by the learned professor who argued this case with so much ability on the part of the defendant, is, in my judgment, the only one that can be reconciled with the rule before stated, that there can be no recovery of the wages stipulated for in the contract, unless the services contracted for were performed; and another rule equally well settled in this State and in England, that it is obligatory upon the servant, when wrongfully discharged, to use diligence to find other employment (*Emmons* v. *Elderton*, 4 House of Lords Cases, 646; *Costigan* v. *Mohawk, &c. R. R. Co.* 2 Den. 609; *Dillon* v. *Anderson*, 43 N. Y. 231; *Hamilton* v. *McPherson*, 28 Id. 76); a rule which is certainly not consistent with the servant's remaining ready and willing, after his discharge, to fulfill the contract on his part. These rules, however, can be fully carried out and harmonized where the servant wrongfully dismissed is restricted, either to an action to recover for the services actually rendered, or to a general action for damages for the breach of the contract, in which he may recover any amount due for services rendered (for the non-payment of it is a breach of the contract), and also compensation for the damages sustained by the further breach of the contract in wrongfully dismissing him.

The first action which the plaintiff brought must be regarded as an action of this description, for he alleged that from the 23d of March to the 1st of August, 1870, he continued to render his services and to devote his time and skill, as he had agreed to do, at the monthly salary of two hundred and fifty dollars; and that after the 1st of August, 1870, the defendants, without cause or provocation, hindered and prevented him from rendering any further service. Upon these allegations he claimed to recover $250, as due by the terms of the contract, for services rendered from the 23d of June to the 23d of July, and

the same sum for the ensuing month, ending on the 23d of August. He recovered $473 02, and (as he rendered no service after the 1st of August), $223 02 of this amount must have been recovered as damages to compensate him for the eight days' service from the 23d of July to the 1st of August, and for the breach of the contract thereafter in wrongfully dismissing him.

A judgment in favor of the plaintiff for this $223 02 could, by the law, have been given upon no other ground. It was a recovery of damages for the breach of the contract, and was a bar to any further action upon the contract. The judgment of the Marine Court, therefore, should be reversed.

Judgment reversed.