# NEW YORK COMMON PLEAS.

WILLIAM A. TOLES agt. ABRAM F. HAZEN *et al.*

*Damages — measure of, in action by employe discharged without cause.*

In an action for damages by an employe discharged without cause before the expiration of his term, the measure of damages is limited to the time of the commencement of the action, if it be commenced before the expiration of the term of service, and no recovery can be had beyond such time.

*General Term, December,* 1878.

THE plaintiff was employed by defendants for a year, at a stipulated salary, payable monthly, and was discharged without cause at the end of six months' service, to wit, on July 1, 1878, and was paid up to that time. On the 9th of July, 1878, he commenced the action to recover his salary for the

balance of the year as damages for the breach of the contract, and recovered a verdict in the first district court for the amount claimed.

The defendants thereupon appealed.

*W. B. Tullis*, for appellants.

*H. H. Morange*, for respondent.

DALY, *C. J.*—This judgment will have to be reversed. If the plaintiff, as he testified, was employed for a year and was improperly discharged before the end of the year, his remedy is an action to recover damages for the breach of the contract; and if, after reasonable exertion on his part, he has been unable to obtain employment, then the measure of his damage is the stipulated salary from the time of his discharge until the commencement of the action (*Hochster* agt. *De la Tour*, 2 *Ell. & Bl.*, 691; *Moody* agt. *Loverich*, 4 *Daly*, 401; *Polk* agt. *Daly*, *id.*, 411; *Dillon* agt. *Andrews*, 43 *N. Y.*, 237).

The judge was requested in effect to charge this, which he refused, and charged the jury, the defendants excepting, that, *prima facie*, the damages would be the amount the plaintiff would be entitled to as wages at the end of the year. The defendant was discharged on the 1st of. July, 1878, and brought his action for the breach of the contract on the ninth of July following, so that his loss, having been out of employ-ment eight days, was about eleven dollars, and the jury, under the instruction they received, rendered a verdict in his- favor for $250. For this error on the part of the judge the judg-ment will have to be reversed, in addition to which there are other reasons.

After the plaintiff testified that he made a contract for the year, he was asked if he had the contract, and replied that he had no copy of it, that the defendants kept it in their book, and then called upon the defendants to produce the contract. It was produced; that is, as I infer, the book was produced

and the plaintiff, being asked if that was the contract, answered that it was, and as one must infer from his testimony after examining it. He then testified that a contract was never written or made, that Mr. Hazen (who employed him) never stated any thing that is in there (the book), thus contradicting his previous evidence. The plaintiff's statement that he had been employed for a year, having been denied by Hazen, who employed him, the defendants offered the contract referred to in the plaintiff's testimony, to which the plaintiff objected and the judge excluded it. The plaintiff having first identified this as the contract, and then denied that the contract was made or written, or that what it contained had ever been stated to him, it was very material that the defendants should be allowed to show a writing which the plaintiff had himself called for, which, upon being produced, he declared to be the contract, but which he afterwards repudiated, as may be assumed, after he had ascertained what it contained. This was especially requisite in justice to the defendants, in an action in which the recovery has been had solely upon the plaintiff's testimony, and who was directly contradicted in the most material matter sworn to by him, that he was employed by the year.

In my opinion, moreover, the plaintiff has no cause of action whatever. Upon his own showing the defendants had a right to discharge him, even if he had been hired for a year. He asked permission for leave to go to Boston for a few days, showing, by his own testimony, that he went to Boston to visit his "folks," and went from there to Albany, from which he returned, and, passing through New York, went to Washington to try to get an appointment in the treasury department, and returned to his employment after an absence of a week. The defendants, after inquiry as to the cause of his lengthened absence, and finding that in addition to going to Boston he had also gone to Washington to seek for a situation, discharged him and had a right to do so. He had broken his contract, having remained away from the defendants' employment with-

Toles agt. Hazen *et al.*

out their permission, or without seeking it, when he returned and passed through New York upon a journey to Washington, about his own affairs.

The judgment should be reversed.

VAN HOESEN, *J.* — I concur, and cite as another authority *Maguire* agt. *Woodside* (2 *Hilt.*, 59).

NOTE. — The law regulating the rights, liabilities and remedies of an employe wrongfully discharged, is ably discussed and fully laid down in *Howard* agt. *Daly* (61 *N. Y.*, 362), to which the reader is referred. It has been claimed that in cases where the action was reached and tried, after the expiration of the term of service, although commenced before, that damages were recoverable up to the end of the term, because they were, in their nature, definitely ascertained and fixed before trial. The decision of the common pleas disposes of this claim, by limiting the recovery to the time of bringing suit. [REP.