There was no error, and the judgment must be affirmed. All concur.

---

## N. Y. COMMON PLEAS.

WILLIAM N. EVERSON, plaintiff and respondent, agt. STEPHEN H. POWERS, defendant and appellant.

*Master and servant —Damages — measure of — in action by employe discharged without cause.*

Damages in an action for wrongful discharge from employment are recoverable up to the time of trial (*Limiting Toles* agt. *Hazen*, 57 *How. Pr.*, 516).

*General Term, January*, 1881.

ON reargument of an appeal from a judgment rendered in the marine court in an action for damages for a wrongful discharge from employment.

Everson agt. Powers.

*Jacob Fromme*, for plaintiff.

*Armstrong & Briggs*, for defendant.

J. F. DALY, *J.* — In his opinion delivered on reversing this judgment the chief judge, citing the cases which bore upon the rule of damages, concluded that the plaintiff might recover his actual loss down to the day of trial, and was not confined to damages suffered prior to the commencement of the action (*Hochster* agt. *De Latour*, 2 *E. & Bl.*, 678, 71; *Maguire* agt. *Woodside*, 2 *Hilt.*, 59; *Toles* agt. *Hazen*, *Com. Pl. Dec.*, 1878; 57 *How. Pr.*, 516; 18 *Alb. Law Jour.*, 476). In *Toles* agt. *Hazen* the rule is stated somewhat differently, and damages were confined to those occurring at the commencement of the action. But *Hochster* agt. *De Latour* was cited as authority, as was *Moody* agt. *Leverick* (4 *Daly*, 401) and *Dillon* agt. *Anderson* (43 *N. Y.*, 231, 237). Those cases do not confine plaintiff to the actual loss suffered at the time of the commencement of the action, but unqualifiedly hold that the damages must be an indemnification for the loss sustained. In concurring in *Toles* agt. *Hazen*, judge VAN HOESEN stated expressly that he regarded *Maguire* agt. *Woodside* as authority. In that case it was expressly held that the damages down to the day of trial might be recovered. *Toles* agt. *Hazen* may, therefore, be considered as approving the doctrine established by the cases cited by both judges who decided the case. The judgment in that action was properly reversed, because the justice allowed a recovery for wages to accrue after the trial and down to the expiration of the period of service.

In this case the trial was had after the term of service expired, although the action had been brought during the term. The damages suffered by plaintiff had been ascertained and become fixed, and in accordance with the current of decisions in our own court plaintiff was entitled to recover to that extent.

The judgment should be affirmed, with costs.

DALY, Ch. J., and VAN HOESEN, J., concurred.