### LEVIN *v.* STANDARD FASHION CO.

(*Common Pleas of New York City and County, General Term.* December 1, 1890.)

1. JUDGMENT—RES ADJUDICATA—MASTER AND SERVANT.

Plaintiff, employed by defendant for a year at a salary payable weekly, on the day before the end of a week, was forbidden by defendant's superintendent to work. The next day, and several days following, she tendered her services, and was refused. In an action by her against defendant for "wages," defendant admitted an indebtedness for part of the salary for that week, and paid the amount into court. The contract was proved, and the value of the services was not litigated. Plaintiff recovered the amount of salary for one week. *Held*, that the judgment was for wages due on the contract, and was not a bar to a subsequent action for breach of the contract in discharging plaintiff.

2. MASTER AND SERVANT—DISCHARGE.

In an action for breach of a contract of employment, it appeared that plaintiff had been dismissed by defendant's superintendent, who had called her a thief, used violent language to her, and had put her out of the office in which she worked, and called a policeman to stand guard over her. *Held*, that her rejection of a subsequent offer of employment by defendant was not available to him to diminish the amount of her recovery.

Reversing 4 N. Y. Supp. 867.

Appeal from city court, general term.

Action by Elizabeth Levin against the Standard Fashion Company for breach of a contract for employment of plaintiff by defendant. At the trial the jury found a verdict for plaintiff, and a motion by defendant for a new trial was denied. Plaintiff also moved for a new trial, on the ground of insufficiency of damages, and this was also denied. From the judgment entered on the verdict, and the order denying its motion for a new trial, defendant appealed to the general term of the city court, and plaintiff also appealed from the judgment, and from the order denying her motion for a new trial, on the ground of insufficiency of damages. The general term affirmed the judgment and both the orders appealed from. From this decision both parties again appeal.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Theo. N. Melvin,* for plaintiff.    *A. C. Shenstone,* for defendant.

PRYOR, J.    Both plaintiff and defendant appeal from a judgment of the general term of the city court, affirming a judgment on a verdict and orders denying a new trial as moved by each party. The action is for damages from breach of a contract of employment. The contract is conceded, and on this appeal the verdict of the jury in favor of plaintiff is conclusive of the breach by defendant. *Arnstein* v. *Haulenbeek, ante* 701, (decided this term.)    As to defendant's appeal, the facts essentially bearing on the question for decision are:    That defendant hired plaintiff for a year, at a salary payable weekly. That she was duly paid except for the week she was discharged. That on Friday, the day before the expiration of the week, she had an altercation with defendant's president, during which he assumed that she resigned her employment, but which assumption she then explicitly and persistently controverted.    That the next day, Saturday, she went to the office of defendant, and said to the president: "I come to do my work. I am ready to do my work." To which he replied that "he wanted nothing whatever to do with me." That she continued to go to the office for several mornings with offers to resume work, but he answered her as on Saturday, that "he wanted nothing to do with her." The contention on the trial was whether plaintiff had resigned or had been discharged; but in this court the verdict for plaintiff concludes the question in her favor. Both by plea and proof, the defendant interposed the defense of former recovery, and the question is, was the defense sustained? The plaintiff had recovered a judgment against defendant in a district court, and the precise point in controversy is whether that judgment was for wages due by the contract of hiring, or for a *quantum meruit,* or damages for breach of contract. For, if the recovery in the district court is for an installment of the stipulated salary due by the terms of the contract, it is no bar to this action for general damages for breach of the contract. *Perry* v. *Dickerson,* 85 N. Y. 345. On the other hand, if the recovery in the district court were upon a *quantum meruit* for the value of services rendered, or for damages for breach of contract, then the judgment in that court operates as an estoppel in this action. *Moody* v. *Leverich,* 4 Daly, 401, 408. Now, to ascertain what was determined in a former action, "it is proper to look beyond what appears on the face of the judgment, to every allegation which, having been made on one side and denied on the other, was at issue and determined in the course of the proceedings." *Griffin* v. *Railroad Co.,* 102 N. Y. 449, 7 N. E. Rep. 735; *Bell* v. *Merrifield,* 109 N. Y. 202, 16 N. E. Rep. 55. Adverting to the pleadings and evidence in the district court, we see that the action was on the contract, ("contract admitted in evidence;") that the value of the services was not litigated; that plaintiff's claim was "for wages" *eo nomine,* and not for damages for the wrongful discharge; and that her recovery was of the $25 stipulated to be paid for one week's services. That the action was tried as involving a claim for "wages" due and payable is conclusively evident by the express admission of

defendant of "an indebtedness of $20 due plaintiff," and by the payment of that sum into court. Plaintiff declined to accept the sum offered, claiming an indebtedness of $25 for an entire week's service. Upon this claim the litigation proceeded, the defendant contending that plaintiff abandoned work on the afternoon of Friday, December 9th, and plaintiff contending that she rendered service every day of the week, including Saturday, December 10th, for which she claimed compensation. Upon this conflict of evidence, the justice gave judgment for plaintiff for $25,—a week's wages,—and I hold that the judgment so rendered is a conclusive determination that the action was for an installment of salary, and that the wages had been earned by a due rendition of service. The uncontradicted evidence is that she was at her place of business on every day of the week (including Saturday) for which she claimed the salary; and, if defendant forbade her to work on Saturday, that would not defeat her recovery of the week's wages. *Vail* v. *Company*, 32 Barb. 564, 567. The case is distinguishable from *Moody* v. *Leverich*, *supra*, in the essential circumstance that there the judgment in the former action could have been had only on the ground of a recovery for damages, since, upon the conceded facts, the plaintiff had not worked for the period requisite to entitle him to an installment of salary; whereas, here the plaintiff rendered full service on every day of the week except Saturday, and on that day she repaired to her place of business and tendered her services. It was work for her to go to defendant's office,—her place of business,—and the defendant could not defeat her recovery for a week's wages by refusing her services for a part of the day. The law takes no account of fractions of a day. At all events, upon this point, namely, that plaintiff had earned the week's salary, the judgment of the district court is *res adjudicata*, and is not here open to contradiction. *Blair* v. *Bartlett*, 75 N. Y. 150; *Smith* v. *Hemstreet*, 54 N. Y. 644. Furthermore, the judgment in the district court, introduced by the defendant, is conclusive evidence in this action that the plaintiff had not been discharged on the 9th of December; for, had she then been discharged, she could not have recovered for wages for the week ending on the 10th of December. *Moody* v. *Leverich*, *supra*; *Howard* v. *Daly*, 61 N. Y. 362. "Whatever was requisite to be proved and established as facts by plaintiff in order to obtain judgment is, so long as the judgment remains unreversed, *res adjudicata* between the parties, and conclusive upon them." *Blair* v. *Bartlett*, 75 N. Y. 150.

The verdict of the jury in the plaintiff's favor determines that she has the right and justice of the case; and, if she is defeated of her dues by a technical defense, that defense must be clearly established. "The burden of proof is upon the party claiming an estoppel by a former judgment to show clearly that the fact in issue was determined in the former action." *Zoeller* v. *Riley*, 100 N. Y. 102, 2 N. E. Rep. 388. It is not apparent that in the action in the district court plaintiff recovered anything upon a *quantum meruit* or on account of damages for breach of contract; and accordingly the defense of *res adjudicata* fails. As to plaintiff's appeal, there must be another trial of the action because of error in the judge's charge. It was in evidence that, after the dismissal of plaintiff, an offer was made to take her back in the service of defendant, upon the conditions of the original contract, except that the time of service was to be from the date of the offer, January 13, 1888, instead of from the time of her dismissal, the 9th or 10th of December, 1887, (upon the evidence it was questionable on which of these days her dismissal definitely took effect.) This offer the plaintiff rejected, on the sole ground that the proffered employment "from to-day on" was not in accordance with the original contract, which was an agreement on the same terms from the 27th of June, 1887, to the 27th of June, 1888. It is unquestionable law that a servant, wrongfully discharged, must make reasonable endeavor to obtain other employment, and that, in an action for his wrongful discharge, his

damages are to be reduced by the sum that he has earned in other employment, or that he might have earned by reasonable effort. *Polk* v. *Daly*, 4 Daly, 411. But the discharged servant is under no obligation to accept an employment of a different nature from that for which he contracted, or in a different locality from that in which he contracted to work, nor to accept employment from a person to whom there is reasonable ground of objection. 8 Wait, Act. & Def. 301; *Strauss* v. *Meertief*, 64 Ala. 299. Now, it was in evidence that defendant's superintendent (*i. e.*, the defendant corporation itself) had treated plaintiff in the most brutal manner; had called her a thief; had accused her of lying, and shaken his fist at her; had used violent language to her; had laughed and jeered at her; had put her out of the office; and had a policeman to stand guard over her. After the wrongful dismissal of an employe, the employer has a *locus pœnitentiæ*, and may reduce the damage to his servant by an offer of re-employment. *Bigelow* v. *Company*, 39 Hun, 599; INGRAHAM, J., in *Thompson* v. *Wood*, 1 Hilt. 96; ROBINSON, J., in *Polk* v. *Daly*, 4 Daly, 415. But such offer is ineffectual to reduce damages unless the discharged servant be bound to accept it; and such offer the discharged servant is not bound to accept from a person to whom there is a reasonable ground of objection. *Strauss* v. *Meertief*, 64 Ala. 299; 8 Wait, Act. & Def. 301. And surely it is unnecessary to argue the proposition that, after the cruel treatment of plaintiff by defendant's superintendent, she was under no obligation to resume work and habitual association with a person of such morals and such manners. Upon the evidence, therefore, the jury might have found that the superintendent's misbehavior to plaintiff disentitled defendant to reclaim her services; and so that her rejection of its offer was inoperative to reduce the amount of her recovery. But, by the peremptory rulings of the court, the jury were not allowed to say whether defendant's conduct towards plaintiff justified her rejection of its offer; and, upon the assumption that she was bound to accept the offer, the amount of her recovery was diminished by the sum she would have earned if she had accepted the offer. By its seventh instruction, the court charged the jury that "plaintiff was bound to accept such re-employment, and thus keep down the damages for the breach;" by its eighth instruction, that "plaintiff by stating the ground upon which she refused to render her services to defendant waived all other ground;" and finally the court charged that "all plaintiff can recover is $150.43,"—whereas, had she not been charged with what she would have earned by acceptance of the offer, the amount of her recovery would have been $468.33. Plaintiff duly excepted to these rulings, and whether they be correct or not depends upon the question whether, by stating one ground for rejecting defendant's offer of re-employment, she was precluded from showing, at the trial, another valid reason for refusing the offer. I am aware of no authority for the ruling of the court below; while *Strauss* v. *Meertief*, 64 Ala. 299, 302, 309, is a distinct and decisive authority to the contrary. The judgment must be reversed, and a new trial ordered, costs to abide the event. All concur.