(24 Misc. Rep. 686.)

### O'NEILL v. TRAYNOR.

(Supreme Court, Appellate Term.  October 5, 1898.)

1. APPEAL—REVIEW—CONFLICTING EVIDENCE.
    On appeal from the general term of the city court, conflicting evidence will not be reviewed.
2. MASTER AND SERVANT—DISCHARGE—EVIDENCE—REBUTTAL.
    Where the defense to the servant's action against the master for a wrongful discharge is that the servant was unsuitable, a letter written after the discharge by the master's superintendent to the servant, stating that the master will recommend her to others, is admissible in rebuttal.
3. SAME—DAMAGES—BURDEN OF PROOF.
    Where a servant is wrongfully discharged before the end of her term, the burden of showing that she neglected to seek similar employment, or that an offer thereof was refused by her, is on the master.
4. SAME—EXTENT OF RECOVERY.
    Where a wrongfully discharged servant sues the master before expiration of the term for which she was hired, and the trial is not had until after it has expired, damages for the entire term may be recovered.

Appeal from city court of New York, general term.

Action by Nellie J. O'Neill against Bernard Traynor. From a judgment of the general term of the city court (52 N. Y. Supp. 251) affirming a judgment for plaintiff, defendant appeals. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

W. B. Donihee, for appellant.
C. A. Wendell, for respondent.

GILDERSLEEVE, J. It is the plaintiff's claim that she and the defendant entered into a verbal contract, by the terms of which she was hired by the defendant to work in his store from about February 23, 1896, to the following Christmas or New Year, the date to depend upon the state of business, a period of about 44 weeks, at $25 a week; that, without just cause, defendant discharged her at the end of 17 weeks; that she tried to get other work, and succeeded in earning about $210, between the time of her discharge and the following January. It appears from the appeal book before us that the action was commenced on October 20, 1896, but that the case was not tried until the 4th of January, 1898. The action is for a breach of contract, and lays the damages at $675, which would have been the salary of plaintiff, under the contract, for the remaining 27 weeks of the term, at $25 a week. The jury found in her favor, and, having deducted the $210, which she had earned elsewhere, gave her judgment for $465. The defendant's claim, on the other hand, is that he only hired plaintiff for such time as she suited him, and that he discharged her because she failed to suit him.

The appellant attacks the judgment on a number of grounds the first of which is that it is against the weight of evidence; but, as this appeal is from the city court, we are not called upon to weigh the evidence when conflicting; and, as there is some evidence to sustain plaintiff's claim, this objection of appellant cannot be considered.

Secondly, the judgment is assailed for the admission in evidence of a letter from defendant's superintendent to plaintiff, dated July 18, 1896, subsequent to plaintiff's discharge, and worded as follows, viz.:

"I am pleased to be able to tell you that Mr. Traynor [defendant] will give any person who writes or inquires the best of reference. His angry mood only lasts a short time."

This letter was given for the purpose of tending to contradict defendant's rather indefinite charge that plaintiff had not proved herself suitable, and the jury probably took it for what it was worth. It hardly seems sufficient ground upon which to base a reversal of the judgment.

The appellant's next claim is that plaintiff has not shown that she sought similar work, but that she earned the $210, which was deducted from her claim, by going into business for herself. The burden of showing that the plaintiff failed to perform her obligation to seek similar employment, or that similar employment was offered her and was refused, rested upon the defendant (see Crawford v. Publishing Co., 22 App. Div. 54, 47 N. Y. Supp. 747); and the defendant

has not introduced a particle of testimony on the subject. The plaintiff swears that she sought work, and finally went into business for her own account. There does not appear to be much force in this contention of the appellant.

The appellant next argues with much earnestness that plaintiff was only entitled to the damage she had suffered up to the time when she commenced her action, i. e. October 20, 1896; and he cites Colburn v. Woodworth, 31 Barb. 381, and Toles v. Hazen, 57 How. Prac. 516, in support of his contention. The law on this point, however, is very clearly laid down by our court of last resort, in the case of Everson v. Powers, 89 N. Y. 527, where it is held that:

"Where, upon breach of a contract of employment by a wrongful discharge of the employé, an action is brought by him before the expiration of the term of service, but is not brought to trial until after the expiration thereof, the plaintiff is entitled to recover the same damages as he would have been entitled to recover had the action been commenced after the expiration of the term; i. e. the difference between the compensation fixed by the contract for the services and what the plaintiff had received, together with what he was able to earn after his discharge. If the trial, however, is had before the expiration of the term, it appears that plaintiff is only entitled to recover such actual damages as the evidence shows that he sustained up to the time of the trial; and if, at that time, the loss is still only probable, the recovery should be for nominal damages only."

It therefore follows that this ground, urged by appellant, is without merit, since the trial herein was not had for more than a year after the expiration of the term of service.

The remaining points raised by the appellant refer to alleged errors in rulings on the admissibility of evidence, and in refusals to charge, which are not of sufficient importance to require discussion. To the charge itself there are no exceptions.

We are of opinion that the judgment should be affirmed, with costs. All concur.