HORN v. LUNTZ.

(Supreme Court, Appellate Term. November 17, 1910.)

1. NEW TRIAL (§ 72*)—GROUND—VERDICT CONTRARY TO EVIDENCE.
　　Unless the verdict was so clearly against the weight of the evidence as to compel the belief that it was rendered from passion, prejudice, or mistake, it should not be set aside as against the weight of the evidence.

　　[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 146–148; Dec. Dig. § 72.*]

2. MASTER AND SERVANT (§ 40*) — WRONGFUL DISCHARGE — ACTION — SUFFICIENCY OF EVIDENCE.
　　In an action for an employé's wrongful discharge, evidence held to sustain a finding that plaintiff was discharged without cause, after being assaulted by his employer.

　　[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 49; Dec. Dig. § 40.*]

3. MASTER AND SERVANT (§ 43*)—WRONGFUL DISCHARGE—RIGHT OF ACTION—DUTY TO RESUME EMPLOYMENT.
　　Where an employé was discharged without cause after being assaulted by his employer, and did not resume work from a fear of being again as-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

saulted, his refusal to resume work does not, as a matter of law, prevent his recovery for wrongful discharge.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 57, 58; Dec. Dig. § 43.*]

Appeal from City Court of New York, Trial Term.

Action by Abram Horn against Joseph C. Luntz. From an order granting a motion to set aside a verdict for plaintiff and for a new trial, plaintiff appeals. Reversed, and verdict reinstated.

Argued before GUY, PLATZEK, and GAVEGAN, JJ.

Isidore Hershfield, for appellant.
Maurice Blumenthal, for respondent.

GAVEGAN, J. The action was to recover the sum of $1,800 damages for the alleged unlawful discharge of plaintiff, an employé of the defendant. After trial the jury returned a verdict for the sum of $907. At the rendition of the verdict, the defendant's counsel moved to set it aside upon the judge's minutes and upon the several grounds set forth in section 999 of the Code of Civil Procedure, which motion was denied. Subsequently an application for a reargument of that motion was made, and upon the hearing a reargument was had, and an order made granting the motion to set aside the verdict and for a new trial. From this order, plaintiff appeals.

Plaintiff was employed by defendant as a designer, pattern cutter, and grader of ladies' suits, for a term of one year, at a salary of $65 a week. Pursuant to the terms of this contract, plaintiff entered the defendant's employ and began work on May 1, 1909, continuing therein until October 6, 1909, upon which date, as he testified, the defendant assaulted and discharged him unjustly and without cause. There were four witnesses present at the time of the alleged discharge, all of whom corroborate plaintiff's testimony. Defendant testified that plaintiff was not discharged by him, but was engaged in an altercation with one Conway, a coemployé when defendant separated them, and that then plaintiff left his employment. Defendant also testified that he wrote several letters asking the plaintiff to return to work, which he refused to do.

This question of fact for the jury was determined in favor of the plaintiff, and unless that determination is so clearly against the weight of evidence as to lead the court to believe that it was arrived at through passion, prejudice, or mistake, the verdict should not be set aside. There was reasonable ground to believe that the plaintiff was discharged, and I do not think he was bound as a matter of law to resume his employment under the circumstances of his discharge.

The opinion of the learned court below, in setting aside the verdict, quoted part of the plaintiff's testimony as follows: "I have to ask my lawyer if I have a right to go to work again, because he was holding me like that, I could not go there again. Before I go next day again I have to ask my lawyer"—adding that the above statement, unexplained, was sufficient to put the plaintiff to further proof as to his refusal to resume employment. If that were what the plaintiff really

said, it might, unexplained, require such further proof. The above extract of plaintiff's testimony, however, is inaccurate, in that it omits the word "if" before the word "he" and substitutes a period for a comma after the word "that." I assume that the above is the version of the plaintiff's testimony as it appeared before the court when writing the opinion below, which would explain the error in setting aside the verdict.

This court must follow the plaintiff's testimony as it appears in the minutes of the case on appeal (folio 294), where the plaintiff explains in his own way that his refusal to resume work for the defendant was through fear of a repetition of the assault. The jury evidently so understood and regarded as reasonable the ground of plaintiff's objection to the defendant as an employer, which brings the case under the rule laid down in Levin v. Standard Fashion Co., 16 Daly, 404, 11 N. Y. Supp. 706.

The order appealed from should be reversed, and the verdict reinstated, with costs to the appellant.

GUY, J., concurs in the result. PLATZEK, J., concurs.