CHARLES M. HATCH, as Receiver of HANIEL CLARK & SON, INC., Respondent, v. SUPERIOR WOOD HEEL COMPANY, INC., Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Rich, Jaycox, Manning and Young, JJ., concur.

STAFFORD HENDRIX, Respondent, v. HAMBERGER-POLHEMUS COMPANY, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Jaycox, Kelby, Young and Kapper, JJ.

In the Matter of the Application of ELLISON COLLISHAW, Appellant, for an Order Directing that the Arbitration Provided in the Certain Agreement in Writing Entered into between Petitioner and PAUL KROEGER, Respondent, Proceed Pursuant to the Provisions Thereof and of the Arbitration Law and for a Stay.— Order denying motion to compel arbitration and for a stay of action in the Supreme Court affirmed, with ten dollars costs and disbursements. The clause in the agreement providing for arbitration expressly provides that such arbitration shall be in Newfoundland " according to the rules and practice in said Island." The lands and other property involved in the contract were located in Newfoundland, some of the land being held under lease from the government of that island. We have grave doubt whether disputes under the agreement could be made the subject of arbitration under the laws of the State of New York. But we agree with the learned justice at Special Term that the provision for arbitration of disputes arising out of the contract has no reference to the alleged repudiation of the entire contract by the appellant, his alleged refusal to proceed with it at all and conveyance by appellant of the property to some outside person, rendering performance impossible. This was not a " dispute arising out of the contract " to be determined by arbitrators " having experience with the lumber business and of the matters forming the basis of the contract." Kelly, P. J., Rich, Jaycox, Manning and Young, JJ., concur.

In the Matter of the Judicial Settlement of the Account of EMPIRE TRUST COMPANY and Another, as Executors, etc., of GEORGE K. GARVIN, Deceased, Respondents. GEORGENA K. GARVIN, an Infant, etc., and Another, Appellants. — Order of the Surrogate's Court of Nassau county reversed upon the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs to the special guardian payable out of the estate. We are of opinion that upon the facts as presented by the record, enough was shown to require that the decree be opened and the special guardian be granted permission to file objections to the account. The special guardian could not raise these questions upon a final accounting. (*Matter of Douglas*, 60 App. Div. 64.) Kelly, P. J., Rich, Jaycox, Manning and Kelby, JJ., concur.

LOUIS KAY, Respondent, v. CHILDS FRICK, Appellant.— Judgment of the County Court of Nassau county modified by reducing recovery to $105.16; and as so modified unanimously affirmed, without costs. We are of opinion that the testimony of plaintiff at folios 65–67 of the record established a *locus pœnitentiæ* for the defendant, and barred plaintiff from recovering damages for wrongful discharge. (*Heiferman* v. *Greenhut Cloak Co.*, 143 N. Y. Supp. 411; affd., 163 App. Div. 939; *Connell* v. *Averill*, 8 id. 524.) Present — Kelly, P. J., Rich, Manning, Kelby and Kapper, JJ.