Aron Steuer, J.
Defendant moves for summary judgment based on its first defense. Suit is by an employee against his employer for wrongful discharge. There was a written contract between the parties which superseded a prior contract. By the terms of the contract in suit plaintiff was hired on a month to month basis at a salary of $16,500 per annum. The contract provides that it is to continue until either party gives the other six months’ notice of termination. Upon the expiration of the six months the hiring is to end. The contract also mentions a bonus but whether to pay the same and the amount is specifically left to the discretion of the defendant.
It appears that in September, 1956 plaintiff without prior arrangement left his employment to take a vacation. The agreement does not provide for vacations but the propriety of plaintiff’s act is not in issue on this motion. Shortly after his departure defendant’s president wrote to him complaining of the situation created by his departure and used these words: ‘ ‘ There can be no useful purpose served in your continuing to work for Aetna or for me. Therefore, will you please send in your resignation and I will naturally do the best that I can with these overwhelming and distressing circumstances. ’ ’
To this plaintiff replied that he refused to resign and that according to his agreement he was entitled to six months’ notice, *531 concluding ‘ ‘ If you breach this agreement I will sue and take other steps to protect myself against your vile and ill tempered invectives.” Later on October 6 plaintiff wrote that he considered his “ discharge ” as irrevocable. To this defendant answered that he was not and had not been discharged and that he could return and work for the six months’ period. This offer was refused.
Suit is for the salary for six months and a $10,000 bonus. The latter claim is made upon an alleged promise in June that the bonus for that year would amount to that sum.
It is well settled that a breach of a contract of employment calls for damages, not for the payment of the salary for the unexpired portion of the period of hire. The employee’s damages are the difference between that salary and what he earned or could have earned had he so desired, during the period. Here patently he could have earned the full amount. Plaintiff however raises the point that he is not obligated to return to his original employer who has breached his contract. For the purposes of discussion on this motion it is assumed there was a breach, though this may do violence to the proper construction of the correspondence. While defendant’s brief argues the proposition that he was never discharged, and makes a very credible ease, the notice of motion seeks relief on the ground that even if he were discharged he has failed to show any damage and it is that contention that will be considered.
It has long been the law that barring unusual circumstances that if a discharged employee does not accept an offer of re-employment from his prior employer he has failed to show damage (Bigelow v. American Forcite Powder Mfg. Co., 39 Hun 599; Heifer man v. Greenhut Cloak Co., 163 App. Div. 939, reinstating the determination of the trial court 143 N. Y. S. 411; Stockman v. Slater Bros. Cloak & Suit Co., 182 N. Y. S. 815; Karas v. H. R. Laboratories, 271 App. Div. 530). The exception is where the circumstances of employment were such that it was unsafe or degrading to return to the employment (Levin v. Standard Fashion Co., 16 Daly 404). Of course there may be an issue as to whether an offer of re-employment was made (Mason v. Lory Dress Go., 305 N. Y. 600) but on the documentary evidence in this case there is no such issue.
As to the bonus plaintiff clearly has no case at all. Defendant was under no obligation to pay any bonus. A promise to pay was without consideration. Plaintiff suggests that unless the promise was made he would not have completed his contract. But he was already obliga! ed to complete the contract. Plaintiff does not allege any promise made under an agreement that he would *532 not give six months’ notice. He states that he was assured that the bonus would exceed $10,000 and that he thereupon decided to continue in the employment. Such an assurance is a prediction and could be defeated by many circumstances. It is not a promise or a binding agreement.
The motion is granted.