## (April 14, 1959)

■ GEORGE R. TEICH, Appellant, v. AETNA INDUSTRIAL CORPORATION, Respondent.

APPEAL (1) from an order of the Supreme Court at Special Term, entered May 6, 1958, in New York County which granted a motion by defendant for summary judgment dismissing the complaint pursuant to rule 113 of the Rules of Civil Practice and (2) from the judgment entered thereon.

MEMORANDUM BY THE COURT. Order granting defendant's motion for summary judgment and the judgment entered thereupon are reversed, on the law, and the motion is denied, with costs to abide the event. Issues of fact are raised with regard to the good faith of the demand made by plaintiff employee and the offer by defendant employer subsequent to the discharge. The finder of the facts might well conclude that both parties were merely jockeying for position in the litigation which was anticipated. Moreover, there is a substantial issue of fact raised as to whether the offer of re-employment must have been accepted, assuming that it was made in good faith, in the light of the personal and executive functions required of plaintiff. Depending upon how these prior issues are resolved, there may remain as an ultimate issue of fact the correctness or wrongfulness of the discharge of plaintiff.

STEVENS, J. (dissenting). On the documentary evidence in the record, I dissent and vote to modify the order and judgment appealed from to the extent of allowing damages up to and including October 17, 1956, in the amount of plaintiff's salary for 17 days, and otherwise affirm.

In the aspect of the case most favorable to the plaintiff, if we assume that there was in fact a discharge, under the circumstances shown here the plaintiff was obligated to accept the offer of re-employment. (*Stockman* v. *Slater Bros. Cloak & Suit Co.,* 182 N. Y. S. 815, 816.) It does not appear from the record that the offer contemplated any change of powers or duties, or any diminution of compensation. Absent that, a mere conclusory statement attacking the *bona fides* of the offer, or a bare assertion that re-employment would be humiliating or intolerable because of an awareness by subordinates or fellow employees of plaintiff's discharge and the reasons therefor, is insufficient to raise a question of fact so as to warrant refusal. (*Heiferman* v. *Greenhut Cloak Co.,* 143 N. Y. S. 411, revd. 83 Misc. 435, revd. 163

App. Div. 939; *Kay* v. *Frick,* 211 App. Div. 809; cf. *Karas* v. *H. R. Laboratories,* 271 App. Div. 530.)

Botein, P. J., Breitel and Rabin, JJ., concur; Stevens, J., dissents in opinion in which M. M. Frank, J., concurs.

Order and judgment reversed. [11 Misc 2d 530.]