McIntosh *v.* Lown.

McINTOSH *vs.* LOWN and others.

A covenant, on the part of the lessees, in a lease, " to keep the buildings and fences in good repair, except natural wear and tear," binds them to rebuild in case of accidental destruction by fire or otherwise.

Where a lease contained seven distinct independent covenants, the third of which was to keep the buildings and fences in repair, and the seventh, to build, during the continuance of the lease, 125 rods of fence; *Held,* that a former action by the lessor, upon the last covenant, for not building the fence, was not a bar to an action subsequently brought upon the covenant to repair; the two covenants being distinct, and having no connection with each other, except that they were contained in, and evidenced by, the same instrument.

The former action must have been to recover for the same identical cause of action, or for some part thereof, as the plaintiff seeks to recover in the second, in order to be a bar.

The rule upon this subject, laid down in *Phillips* v. *Berick,* (16 *John.* 140,) approved.

APPEAL from a judgment dismissing the complaint, directed at the trial before a justice of this court, without a jury. The plaintiff alleged, in his complaint, that on or about the 17th day of November, 1857, by an instrument in writing dated that day, duly executed by the said plaintiff, and the defendants, under each of their respective hands and seals, he, the plaintiff, duly leased to them, and they, the

McIntosh *v.* Lown.

defendants, duly hired and rented of him certain of said plaintiff's premises and lands, situated, &c. for and during the term of five years from the 1st day of April, 1858; and in pursuance of the said lease they, the defendants, on or about the 1st of April, 1858, did take possession of said premises and of the buildings thereon, and did occupy and hold the same during the term aforesaid of five years, and which duly expired on the 1st day of April, 1863. That in and by the said instrument, or lease, the defendants jointly and severally covenanted with the plaintiff, that they, the said defendants, would keep the buildings and fences situated on said premises in good repair, except the natural wear and tear thereof. That at the time of the said letting, and when the defendants so took the possession and occupancy of the said premises, there was a good and substantial barn thereon, of which, with the rest, the defendants took the possession and occupancy under the said lease; and thereupon, under the said covenant, it became and was the duty of said defendants to uphold and keep in good repair the said barn. That, nevertheless, the defendants, disregarding their said duty and covenant, did not keep the same in good repair, but suffered the said barn to be altogether destroyed in the summer of the year 1861, and neglected to uphold, restore and repair the same, and have ever since neglected to repair or restore the same, to the damage of the plaintiff of $500, for which sum, with interest and costs, judgment was demanded.

The defendants, by their answer, admitted the execution of the lease, by the parties, but averred that it contained other covenants and conditions than those set forth in the complaint, viz. that the parties of the second part (these defendants) therein covenanted and agreed " to build during the said term of five years, the quantity of 125 rods of post and board fence, four boards high, on said premises." And the defendants allege, that having failed on their part to build said 125 rods of fence, the plaintiff, on or about the 24th day of July, 1865, commenced a suit against the defendants

before E. H. Whitney, a justice of the peace, of Cayuga county, and issue was duly joined therein on the first day of August, 1865, and the plaintiff therein, on the first day of August, 1865, complained on the same identical indentures of lease or contract, upon which this action is brought, for the alleged breach by the defendants of a covenant and agreement in said lease, on the part of the defendants to be performed and done, and that they had neglected and refused to build 125 rods of board fence as described in said lease, and as required by the terms thereof, for which neglect and omission and breach of said agreement, the plaintiff demanded judgment for $100 damages. That the defendants denied each allegation in said complaint in their answer, and the said cause was adjourned to August 15, 1865, at which time it was duly tried before the said justice of the peace, and a jury, and the plaintiff recovered a judgment on said trial against the defendants for the cause aforesaid, for the sum of $36 damages, besides costs, which was duly entered by the said justice on that day, and remains unreversed, a good and valid judgment, for the cause aforesaid, against these defendants. That this action was commenced after the said judgment was rendered, and about the 25th day of September, 1865 ; and that the pretended cause of action and breaches of contract, covenant and conditions upon which the plaintiff complains in this action had accrued to the plaintiff before the commencement of said action before the said justice of the peace; and the defendants insisted that said action and judgment so brought and rendered in said justice's court, was a bar to the plaintiff's right to recover in this action for the cause alleged in the plaintiff's complaint ; and that the plaintiff had no right to separate his demands on said contract, and maintain separate actions thereon.

The defendants, for a further answer to the complaint, admitted that at the time they took possession of the premises under said lease, there was a good and substantial barn thereon, and that in the summer of 1861 the same was alto-

gether destroyed by fire ; but the defendants denied that they, or either of them, disregarded their duty or covenant to keep said barn in good repair, and they denied that they suffered the said barn to be destroyed by fire, or neglected to uphold the same ; but, on the contrary, they averred that they did all in their power to keep the said barn in repair, and to uphold and keep the same from destruction or injury by fire ; but said barn, notwithstanding their said care and diligence, was, at the time aforesaid, from some cause to them unknown, wholly destroyed by fire, accidentally, as the defendants verily believed ; and the defendants denied that the plaintiff had sustained damages thereby to the amount of $500.

The cause was tried at the Cayuga county circuit, on the 8th of January, 1866, before Hon. E. DARWIN SMITH, Justice. Upon the trial, it was admitted that on the 17th day of November, 1857, the plaintiff leased to the defendants, for the term of five years, certain premises in Aurelius, Cayuga county, upon which, besides other buildings, there was a barn, of the value of $250. That the lease was in writing, and under seal, and executed by the plaintiff and defendants, and that the said lease contained the following covenants on the part of the lessees, to wit : " To pay to the said party of the first part, the sum of one hundred and seventy-five dollars per annum, payable on the first day of April, at the expiration of each and every year. To pay all taxes to be assessed on the ninety-two acres of land belonging to the said party of the first part on lots twenty-two and twenty-eight, in said East Cayuga Reservation, excepting taxes for building new school house. To keep the buildings and fences in good repair, except natural wear and tear. To draw and spread on the premises all manure now, or which may be made, thereon during the continuance of this lease. To seed down to clover and timothy or to clover, at least fifteen acres per annum, provided the said party of the second part shall plow and sow so much grain, which said land so seeded to grass shall not be plowed again in less than two years. In seeding said land, the usual

quantity of seed sown by good farmers shall be sown on said land. To sow winter grain in the last year of this lease, no more than ten acres. To build, during the continuance of this lease, one hundred and twenty-five rods of post and board fence, four boards high, and materials of kind usually selected and work and setting of posts well done."

It was further admitted that the said barn was destroyed by fire in the summer of 1861, and that the defendants had neglected and refused to rebuild the same. It was also admitted, that the facts set forth in the first defense, in the defendants' answer, were true.

Upon these facts, the court decided that the defendants' covenant to keep the buildings and fences in good repair, did not bind them to restore buildings destroyed by fire, to which decision the plaintiff duly excepted.

The court also decided that the plaintiff's complaint must be dismissed ; to which decision the plaintiff likewise duly excepted.

Judgment of dismissal being entered, the plaintiff appealed to the general term.

*James H. Cox,* for the appellant.

*H. V. Howland,* for the respondents.

*By the Court,* WELLES, J. The defendants' covenant in the lease, " to keep the buildings and fences in good repair, except natural wear and tear" bound them to rebuild in case of accidental destruction by fire or otherwise. (*Comyn's Land. and Ten.* 185. 3 *Black. Com. by Chitty,* 229 *mar. paging, note.* 3 *Kent's Com.* 467, 468 *marg. pag.* *Chitty on Cont.* 7th *Am. ed.* 735. *Woodfall's Land. and Ten.* 326. *Warner* v. *Hitchins,* 5 *Barb.* 666. *Beach* v. *Crain,* 2 *Comst.* 86–93. *Bullock* v. *Dommitt,* 6 *T. R.* 650. *Proprietors of Brecknock and Abergaveny Can. Nav. Co.* v. *Pritch-*

McIntosh *v.* Lown.

*ard et al., Id.* 751.)    And numerous other authorities which might be cited.

Some authorities hold that where the covenant by the lessee is to repair and leave the premises in the same state as he found or received them, or language to that effect, he is merely required to use his best.endeavors to keep them in the same tenantable repair, and is not bound, by such a covenant, to restore buildings destroyed, by fire or otherwise, during the term, without his fault.    This is in consequence of a construction given to the covenant, that the lessee is *so* to repair or keep in repair the buildings, &c. *as* to leave the demised premises in the same state as he received them.; and such I think is the settled law.    But where the covenant is to repair or keep in repair generally, the buildings, &c. without the qualifying words mentioned, all the authorities hold that it requires the tenant to rebuild, &c. in case of the accidental destruction of the buildings, &c.

The action before the justice, and judgment therein, constitute no legal bar to the plaintiff's recovery in this action. The lease was for five years, and contained seven distinct independent covenants on the part of the lessees, as follows :

1st. To pay rent, &c.    2d. To pay all taxes, except taxes for building a new school house.    3d. To keep the buildings and fences in repair, &c.    4th. To draw and spread manure, &c.    5th. To seed down at least fifteen acres per annum, &c. 6th. Not to sow over ten acres. of winter grain the last year of the term.    7th. To build, during the continuance of the lease, one hundred and twenty-five rods of post and board fence, four boards high.

The action before the justice was upon the last of the above covenants, for not building the one hundred and twenty-five rods of fence, which was a distinct and independent covenant from the one to keep the buildings in repair, upon which this action is brought, and had no connection with it, except that it was contained in and evidenced by the same instrument.    Each covenant, if broken, gave a

cause of action. At common law, a single count in the declaration upon breaches of both of these covenants, in an action of covenant, would, in my opinion, have been demurable for duplicity. In order to recover upon them both, in one action, the plaintiff would have been bound to set forth the two causes of action in separate counts. It is preposterous to say that the cause of action, in the suit before the justice, was identical with that for which this action was brought. The most that can be said is, that one action might have been sustained, both for not building the one hundred and twenty-five rods of fence and for not keeping the buildings in repair. In *Phillips* v. *Berick*, (16 *John.* 140,) Chief Justice Spencer, in delivering the opinion of the court, remarks : " There is no case or dictum which requires the party to join in one suit, several and distinct causes of action. It is true, the court may, to prevent vexation and cost, consolidate under some circumstances, several suits brought and pending at the same time. It is in the election of the plaintiff, if he has distinct causes of action, to sue upon all or any of them when he pleases ; and he has the further election to unite in one suit, under certain restrictions; not necessary to be stated, several causes of action ; but the defendant cannot compel him to do this." The doctrine on this subject is fully discussed and illustrated by the same learned jurist, in the case referred to, and the rule there laid down is unquestionably the true one. The former action must have been to recover for the same identical cause of action, or for some part thereof, as the plaintiff seeks to recover in the present action, in order to be a bar. It is undoubtedly true that where the demands are so blended as to be incapable of subdivision, a recovery in a former action for a part, would bar an action for the residue ; but this is not a case of that description. The covenant to keep the buildings in repair, and that to build the one hundred and twenty-five rods of fence, are as entirely distinct as if they were contained in separate written contracts ; and if so, the case is within the spirit

and good sense of the rule allowing separate actions to be maintained.

I am aware of several adjudged cases where the language of the court seems to favor the idea, that where a party having a demand against another consisting of several distinct and unconnected items which might be embraced in one action, and all due at the same time, brings 'an action for one or more of such items, and either succeeds or is defeated upon the merits, he cannot afterwards maintain another action for the residue of such items not included in the first action, and that, without any agreement the legal effect of which would make the demand inseparable. Of this character are the cases of *Guernsey* v. *Carver*, (8 *Wend.* 492 ;) *Stevens* v. *Lockwood*, (13 *id.* 644 ;) *Colvin* v. *Corwin*, 15 *id.* 557,) and *Bindernagle* v. *Cocks*, (19 *id.* 207.) Some of these cases were probably decided correctly upon the facts, but all of them, I believe, are chargeable with the vice of approving, by their language, the legal heresy herein imputed to them. The true question in all such cases is, not whether the rule allowing separate actions to be maintained for separate items, would lead to a multiplicity of suits or would operate oppressively, but it is whether the former action was for the identical cause or demand as that for which the subsequent one is brought. In the latter case, where the demands in both constitute one entire, inseparable cause of action, the plaintiff is not at liberty to separate them so as to maintain separate actions for different portions of such entire demand. The foregoing views, I think, are sustained by the late case in the Court of Appeals, of *Secor* v. *Sturgis*, (16 *N. Y. Rep.* 548,) and also by the case of *Badger* v. *Titcomb*, (15 *Pick.* 409.)

For the foregoing reasons I think the judgment should be reversed, and a new trial ordered, with costs to abide the event.

Ordered accordingly.

[MONROE GENERAL TERM, March 4, 1867. *Welles, E. Darwin Smith* and *Johnson,* Justices.]