Neilson, Ch. J.
By their contract with the plaintiff, the defendants agreed to give him employment for the term of one year, and to pay him for his services $12 a week, and certain commissions on one branch of the work in their factory. They discharged him, without cause, on February 10, 1879, before the end of the term. The weekly payments of $12 had been made, but a balance of the commissions, for which this action was brought, became due on that day, and remained unpaid.
It appeared on the trial that, some days after Ms discharge, the plaintiff brought an action in a justice’s court, against the defendants, to recover $22 damages, and obtained judgment for that sum, with costs. That was paid. Some weeks later he brought a like action in the same court, claiming $41 damages, and the judgment having been set up as a bar, the case was dismissed. On the trial of this action, it was also claimed *470 that the judgment was a bar to the relief sought, but the case was submitted to the jury on the merits, and the plaintiff had a verdict for $143.56. On further consideration, the learned presiding judge having been of opinion that the judgment was a bar, as claimed, ordered a. new trial, and from that order this appeal was taken.
In view of the contract, the service under it, and the wrongful discharge, the plaintiff had a right of action against the defendants for his wages, as fixed by the contract, and a right of action for the damages ; or he might have declared on a quantum meruit, claiming the value of his services (Howard v. Daly, 61 N. Y. 369). His claim for the wages had express relation to the contract, and existed independently of the discharge. His claim for damages arose later, and had express relation to the defendants’ wrongful act ; it flowed from that. Those causes of action are easily distinguished. They differ in their nature and origin, and in respect to the proofs proper for their support. Only one suit could have been had for the wages; only one suit for the damages ; and, by a recovery on the quantum meruit, the claims would have been combined. The plaintiff might have sued for the wages, and the damages in the first action brought by him in the justice’s court, stating each in a separate count of the complaint. He did not so unite them, and in considering the question whether he should have done so under pain of being forever precluded as to the claim omitted, the line of demarkation between these causes of action should not be overlooked.
I am of opinion that the instances in which separate actions could not properly be brought, differ from the case before us. The two actions in the justice’s court, to which I have referred, illustrate the distinction. They were for the same demand, the same wrong, damages which could not be split up, and thus it was that *471 the second action was not well brought. So, also, where the employee, dismissed without cause,. and without the payment of his wages, accepting the theory on which his employer has acted, elects to rescind the contract, sues on a quantum meruit, and recovers the value of the services rendered, he can have no further action for damages. He has already had relief in respect to that wrongful act.
The effect of compensation in any form of action, for the loss of time by the servant,' not allowed to work, was well illustrated in Moody v. Leverich (4 Daly, 401). The judgment which was there set up as a bar to the second action, included compensation for the eight days which had elapsed between the time when Moody ceased to work, and the day fixed by the agreement for the payment of wages. There had thus been, to that extent, a recovery of damages, and it was held that no further action for damages could be maintained. That was the precise point involved and determined.
That the plaintiff might have refrained from bringing his action for damages until the end of the term for which he was employed, is well settled by the authorities. It is agreed also, that in the interim, he must have accepted such suitable employment as could be obtained. He would thus have been bound to do what he reasonably could, to protect the defendants from unnecessary loss and injury (28 N. Y. 72; 43 Id. 237). Such delay would be entitled to favor, because it could thus be known how much the plaintiff really had suffered, and because the defendants would have the opportunity of defeating or reducing the claim, by proving that he had remained idle from choice, or had received profits from other business (2 Den. 609 ; 21 Wend. 462 ; 4 Daly, 411). But the action for damages having been thus held in reserve, it would not follow that an action for wages must be held in.reserve *472 also. Would the prosecution of two such actions be the splitting up of claims identical or indivisible ?
In each of the actions in the justice’s court, the complaints set forth the contract, the plaintiff’s offer to continue in the service of the defendants, their refusal, and that he had suffered damages as claimed. In the complaint in this action, the plaintiff sets forth the contract, and that the wages claimed had been earned, and were unpaid. In the former actions there was no allegation as to the wages; in this action, no allegation that the plaintiff had been dismissed, or had suffered damages. On the trials, the claim for wages could not have been proved in the former actions, nor could the claim for damages have been shown in this action. The test applied to the question of abatement, or of former recovery, is whether the same evidence would have supported both actions (2 Johns. 230 ; 7 Id. 21). In that point of view, it could not be said that these actions were for one and the same demand. Thus it is that the principle invoked by the plea in abatement, that the party pursued shall not be twice vexed for the same cause, does not seem to apply. To sustain the plea, it should appear that the demand for which the second suit is brought, was, or under the pleadings might have been, litigated and determined in the first action (Stowell v. Chamberlain, 60 N. Y. 272).
But the objection to the plaintiff’s right to bring this action, is to be considered in another aspect. It is said that a plaintiff, having several claims against a defendant, all of them due and growing out of the same contract, must include them in his first action. It would seem, from an observation in the opinion in Moody v. Leverich, supra, that Balt, Ch. J., regarded that view with some degree of favor. That rule of practice is suggested near the close of the opinion, after the case had been clearly disposed of on other *473 grounds ; and some cases are cited, with a doubt as to the correctness of the rule under later decisions. I am therefore constrained to notice those cases briefly, and I do so with the conviction that some of them confirm the views I have expressed, and that one of them is not now to be accepted as a binding authority.
In Colburn v. Woodworth (31 Barb. 381), the action was brought to recover wages, also damages for a breach of the contract in discharging the plaintiff without cause. The prior action, set up as a bar, was for the same cause of action, to wit, wages and damages. In Guernsey v. Carver (8 Wend. 492), the plaintiff had an account against the defendant for goods sold. The whole claim was due, but the plaintiff brought an action for some of the items, and then a suit for the balance of the account. The first action was held to be a bar to the.second. That case has been questioned in Badger v. Titcomb (15 Pick. 409), but would seem to be correct in principle. In Goodman v. Pocock (15 Ad. & El., N. S. 576), the plaintiff, a clerk, had been dismissed in the middle of the quarter. No action could have been brought on the contract for wages, as none had become due. The plaintiff sought compensation as to the whole quarter, but owing to a mis-direction arising on a question of pleading, the jury found a verdict as to only half that quarter. It was held that the second action, for what had been thus erroneously omitted, was not proper. Thus it was held, as it has been with us, that such an error must be corrected in the first action (5 Wend. 240 ; 9 Johns. 352 ; 31 Barb. 384, and cases cited). In Clossman v. Lacosta (28 Eng. Law & Eq. 140), the action was for damages. The plea of former recovery was held bad, because the second action was not for the same demand as the first action. In his opinion, Campbell, Oh. J., takes notice of the fact that the damages sought could not have been proved and recovered in the prior action, *474 and says, as might be said of this action, “that for anything that appears, the relation of employer and employed still continues between these parties.” He farther says, that where the contract is entirely broken, and the relation of employer and employed put an end to, the party suing ought to allege the whole gravamen that he suffers by the breach of contract, so that he may recover therein all the damages that may ensue to him in consequence.
We have applied that doctrine to the case at bar, and have suggested that the employed who has been wrongfully dismissed, can have but one action for damages. But quite consistently with that view, we have also suggested that the claim for the wages in question did not arise from the defendants’ wrongful act in suspending the work, but preceded and stood quite apart from it, and that this action had been brought precisely as it might have been if the plaintiff had continued in the defendants’ service. In the remaining case cited, Bendernagle v. Cocks (19 Wend. 207), it was held that where the defendant was in default in respect to several covenants in a lease, to be kept by him, only one action could be maintained. The case has been too seriously questioned to call for much attention. But it would have some relation to the present inquiry if this plaintiff, after several installments of wages were due, had brought an action for one of these installments, and afterwards another action for other installments.
The present rule of practice is well stated in McIntosh v. Lown (49 Barb. 550), and in Secor v. Sturgis (16 N. Y. 548). In the first of these cases, the parties stood in the relation of lessor and lessees. There were seven covenants in the lease, as to different acts to be performed on, and in respect to the demised premises. The first action was for the breach of the last of the covenants in the order stated, to recover for not build *475 ing one hundred and twenty-five rods of fence. The second action was for non-performance of a covenant as to keeping the buildings in order or repair. It was held that the first action was not a bar to the second. The covenants were distinct and independent, yet there was only one agreement. The practice is considered in that case quite at large, and Bendernagle v. Cocks (supra), and kindred cases disapproved. It may be observed, that when the plea of a former recovery for the same cause of action on which the second suit is brought is well taken, the duty to uphold it is imperative. If not thus protected, the defendant might be unjustly required to satisfy two judgments for the same debt or demand. But the rule of practice, that all demands that are due, and which have some relation to the same contract, should be combined in the first action brought in respect to such claims, is largely one of mere convenience. It is, indeed, unreasonable that the court and the defendant should be troubled with an undue amount of litigation. But it would be more intolerable if, in respect to claims not of the same apparent character, not intimately and necessarily allied, the suitor who has taken judgment for a trifling sum, for damages flowing from an arbitrary refusal to proceed under a contract, should afterwards be denied all remedy as to a much larger claim for meritorious service under that contract, because he might have combined those demands in the first action, and because the convenience of the court or of the defendant would be .thus promoted. The spirit and economy of the law in respect to the plea in abatement, and the limitation of actions were happily illustrated by Welles, J., in McIntosh v. Lown (supra), and by Spencer, Ch. J., in Phillips v. Berick (16 Johns. 140).
Order reversed.
Reynolds; J., concurred.