MONTROSE *v.* WANAMAKER.

*(Supreme Court, General Term, Second Department.* July 18, 1890.)

1. JUDGMENT—RES ADJUDICATA—PLEADING.

In an action on a contract a plea of former recovery "for an alleged violation of the contract," there being no averment that the former recovery was for the same violation, or that the causes of action are identical, is bad.

2. SAME.

Recovery on an action at law for the amount then due under a contract is no bar to a subsequent suit for an accounting to date under the contract.

Appeal from special term, Kings county.

Action by Ambrose De V. Montrose, as assignee of E. A. St. John, against Susan E. Wanamaker for an accounting of the partnership affairs of the firm of King & Wanamaker. When King withdrew from said firm, it was agreed that he should receive half of the commissions thereafter derived from sales for one Merritt and others. Plaintiff, as assignee of said King, recovered judgment against defendant in a former action (21 Abb. N. C. 478) for the amount of the commissions then due. From a judgment for plaintiff defendant appeals.

*Frank J. Dupignac*, for appellant.    *Levi A. Tuller*, for respondent.

PRATT, J.   The first action between these parties resulted in a judgment, June, 1888, in favor of the plaintiff. Thereafter, and in April, 1889, St. John assigned to the plaintiff his claim against defendant, upon which the present action is based.  The parties to the present suit are the same as in the first. To a certain extent the issues are the same, and, so far as the issues common to both suits were determined by the first trial, the decision then made is binding upon the parties here.   Of this neither party can complain, as each has had his day in court upon those issues, and may well be required, in any subsequent litigation between them, to abide the determination then made.   By comparing the pleadings we find three defenses set up in the last action that were also set up in the first, viz.: That St. John violated the contract (1) in refusing to sell goods in December, 1886, for Wanamaker; (2) that St. John constantly refused to sell the Merritt goods for defendant; (3) that St. John sold the Merritt goods on his own account.   These were the only defenses pleaded in the first action.   The court charged the jury that, if either was sustained, the verdict should be for defendant.   The verdict in favor of the plaintiff establishes that these defenses were not well taken.   Those defenses are again pleaded in the suit, but the judgment introduced in evidence shows that they are not well founded.

Another alleged defense is set up, viz., that a recovery has already been had "for an alleged violation of the contract   *   *   *   whereby all rights of St. John growing out of any violation of said contract became merged and liquidated.   The plea does not aver that the former recovery was had for the same violation now sued for; nor that the causes of action are identical.   *Secor v. Sturgis*, 16 N. Y. 553, lays down that, for a former recovery to be a bar, the identity of the cause of action in the several suits must be averred.   Successive breaches of a contract may well give rise to successive causes of action where the prosecution of the first is no defense to the prosecution of the second.   The plea is therefore bad.   No amendment was asked for on the trial, and, even if the proof covered the defect, the judgment could not be reversed in aid of a defense not pleaded.   But an examination of the proof does not show the causes of action identical.   By the contract set out it appears that the partnership which existed before December, 1886, between St. John and Wanamaker was, at that date, abrogated as to all but two accounts.   As to those it remained in force.   Later, an action at law was brought to recover money claimed to be due from one party to the other.   Apparently no objection was made to the form of the action, and the plaintiff recovered.   The present action is in equity, claiming an accounting to date.   We do not think the actions are identical.   They differ in form and in substance.   The relief demanded in this action was not asked for in the first, and is not within the scope of an action at law.   Few subjects have given rise to more abstruse discussions than that of the identity of causes of action.   The rule against splitting causes of action was originally adopted by courts of law to prevent defendants, being unjustly vexed with double costs.   That abuse is no longer prevalent, and the rule is now most commonly invoked as a technical defense to a meritorious demand; so that the tendency in courts of law now is to restrict

its application to cases where an actual recovery has been had. *McIntosh* v. *Lown*, 49 Barb. 550; *Perry* v. *Dickerson*, 7 Abb. N. C. 466. But in equity costs have always been in the discretion of the court. The danger of vexation from needless costs has not existed, and the rule that a former recovery will bar a second has been kept within reasonable limits, and will not be so applied as to work injustice. *O'Dougherty* v. *Paper Co.*, 81 N. Y. 496, 500. Under the interlocutory judgment, whatever sum has been paid by defendant will be allowed on the accounting. That secures full justice between the parties. The defendant has excepted to the refusal of the trial judge to find that, by the acquiescence of plaintiff's assignor, the contract between Wanamaker & Co. and Merritt & Co. was terminated about January 1, 1887. The request was properly refused. Neither in the present action nor in the first was any such defense pleaded. Not being in issue in the first action, it could not be established by that judgment record, (*People* v. *Johnson*, 38 N. Y. 66,) and if the request had been granted the finding would not have been relevant to any issue in the action. Judgment affirmed, with costs.