## SMITH *v.* LEHIGH ZINC & IRON CO.

(*Supreme Court, General Term, Second Department.* February 11, 1891.)

ABATEMENT—ANOTHER ACTION PENDING.

> In an action for rent the complaint alleged that it accrued during the years 1887 to 1890 under a lease of mining land, executed in 1883, which provided that the lessee should pay certain royalties on the ore, quarter-yearly, and, if such royalties should fall short of $1,000 in any one year, the lessee should pay such an additional sum as would make the rent amount to $1,000. The answer alleged that in 1885 the lessors sued defendant for money due under the lease, and recovered a judgment, which was still pending on appeal. *Held,* that the pendency of such former action was not a bar to the second action.

Appeal from special term, Kings county.

Action by William E. Smith against the Lehigh Zinc & Iron Company. Plaintiff's demurrer to the answer was overruled and plaintiff appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*L. A. Fuller,* for appellant.   *Alexander & Green,* for respondent.

BARNARD, P. J. The defense pleaded in the fourth subdivision of the answer is not good. On the 2d of May, 1883, Charles Bamford and Edwin Bamford leased certain mining property to the defendant. The lease was to run 10 years. The rent was to be controlled in amount by royalties on the ore removed from or used on the premises. These royalties were to be ascertained for and paid quarter-yearly. It was provided that if the royalties fell below $1,000 in any one year the defendant was to pay a sum in addition to the royalties which should make the royalty amount to the sum of $1,000. During the years ending May 2, 1887, 1888, 1889, and 1890 the defendants did not use ores to such an amount that the royalties amounted to $1,000, and in each of these years the defendant has paid nothing, either for royalty or for deficiency up to the $1,000. The plaintiff is the assignee of the Bamfords, and seeks to recover the $4,000 due upon the lease. The defendant, by the fourth

defense, avers that the Bamfords commenced an action in the United States circuit court on the 5th of June, 1885, and recovered a judgment for $3,201.58, (33 Fed. Rep. 677,) which is still pending on appeal, and, until reversed, is a bar to the present claim. It is no bar whatever. The rent reserved was not due when that action was commenced, and if it is reversed it will result in two actions pending for installments of rent maturing at different times, and when the last installments sued for were not due when the former action was brought. To make a judgment a bar it must apparently appear by the pleading that the judgment was conclusive in the cause of action. *Bell* v. *Merrifield*, 109 N. Y. 202, 16 N. E. Rep. 55. Judgment reversed, and demurrer sustained, with costs to plaintiff on special and general term.

PRATT, J., (*concurring.*) The complaint sets out a lease made in 1883 for 10 years of buildings, machinery, and a mine; the rent payable in royalties, which were to be not less than $1,000 a year; and states that the rent coming due in the years 1887, 1888, 1889, and 1890 is unpaid, and claims judgment for $4,000. For answer defendant pleads that in June, 1885, the lessor begun an action against this defendant "for the recovery of certain sums of money alleged to be due and owing from defendant under the aforesaid lease;" that defendant interposed an answer; that a trial was had, and judgment recovered against defendant for the sums claimed, which judgment is in full force. The allegation that the first action was brought in 1885 for moneys then alleged to be due, taken with the allegation that plaintiff recovered in the action, is equivalent to an allegation that the moneys sued for were then in fact due. That issue must have been determined by the judgment. None of the moneys sued for in the present action became due until 1887. It is thus affirmatively shown by defendant's answer that they are not the moneys sued for in 1885, or any part thereof. Read in connection with the lease, the execution of which is admitted, the answer plainly shows that the recovery in the first action was for one or more installments of rent due in 1885. It follows that the present action is not brought for the same cause of action as the first, but for the subsequent installment of rent. It has been held from time immemorial that an installment of rent can be sued for when it becomes due, and that recovery in such suit is no bar to an action for subsequent installments. We find no language in the lease set forth in the complaint to take this case from the general rule. The $1,000 stipulated annual royalty clearly becomes due at the end of each year. Were it not so expressed it would be implied by law. Were the language ambiguous, and open to construction that the debt was payable only at the end of the 10-years term, we should be concluded from giving it that meaning in this action. That question was necessarily involved in the first action, must have been determined against defendants there, and that adjudication, like all others there made, is binding here. *Lorillard* v. *Clyde*, 25 N. E. Rep. 292–294, is a distinct authority that where a contract has been once adjudged to be divisible that construction must be adhered to in subsequent litigations. The fact that the first judgment is appealed from does not affect its conclusive character. *Sage* v. *Harpending*, 49 Barb. 166; *In re Ludington*, 5 Abb. N. C. 326. It should also be said that the answer does not aver that the present cause of action is identical with the first, nor that both actions are based upon the same breach. We held in *Montrose* v. *Wanamaker*, 11 N. Y. Supp. 106, that a plea of a former recovery "for an alleged violation of the contract" was bad; that the pleader should go further, and aver either that the recovery was for the same violation, or that the causes of action were identical. That is the rule laid down in *Secor* v. *Sturgis*, 16 N. Y. 553, which has not been departed from. The answer avers that an appeal is pending from the judgment rendered in the first action, and demands that plaintiff be stayed in this action pending that appeal. That judgment established that the lease is valid, and the lessor en-

titled to the rent reserved, which is not a ground to impede him in its recovery. The first action was brought by the original lessors; the present is brought by their assignee. That does not affect the question of *res adjudicata*. The meaning and construction of the contract were settled in the action between Bamford and defendant. The plaintiff is privy in estate with Bamford, his assignor, and the judgment has the same effect as an estoppel for him or against him that it would have for or against Bamford had he not assigned. It follows that plaintiff's demurrer to the defense of "former recovery" was well taken. The judgment in favor of defendant must be reversed. The demurrer interposed by plaintiff must be sustained, with costs of general and special terms to be paid to the plaintiff.