• Lewis, J.
delivered the opinion of the court. It was admitted ás a general principle, that where the policy never attaches, but is void ab initio, that the -premium must be returned, because the-contract is without Consideration, and the insurer ought not to retain the premitim where no -risk has been rim. But it was insisted that - here was a fraud oh the insurer-, which enhanced the risk, and that, therefore, the *373 plaintiff ought not to be allowed to maintain an action for a return of premium.
If the defendants had sought relief in a court of equity ' against the policy, on the ground of fraud, they would have been obliged, according to the course of that court, to have refunded the premium, before any aid would have been afforded them. Whether in a suit on the policy in this court, they would not have been held to do the same, and to bring the money into court, it is not necessary now to decide. As no risk was run, the plaintiff will be clearly entitled to a return of the premium, unless some positive bar can be shown. It has been agreed by the parties, that the court may make such inferences as to facts as might be drawn by a jury. If, therefore, we do not find sufficient grounds for an inference of fraud, it will be unnecessary to consider the propriety of some late decisions of the English courts, that actual and gross fraud will defeat the right to a return of premium. In the present casé no positive Or direct fraud appears. In the policy on the vessel, she is described as Danish, and there is no one circumstance, from which we can infer that the plaintiff knew her to be otherwise. The vice-admiralty court founded its sentence of condemnation on the circumstance of the bill of sale made by Gilbert to Michel, in a foreign country, which we cannot presume was known *to [*313] the plaintiff. There is no pretence that Gilbert was not a Dane. As to the policy on the ship, there cannot be the least doubt, but that the plaintiff is entitled to a return of the premium. As to the warranty in the policy on the cargo, there may be some room, for doubt, but from a consideration of all the facts, we are not authorized to conclude that the plaintiff knew that the warranty was false. It is not easy to imagine any motive of fraud. The plaintiff had every thing to lose, and nothing to gain by practising it. At most it is a bare constructive fraud. We are, therefore, clearly of opinion, that the plaintiff is entitled to judgment.
Judgment for the plaintiff.(a)

 This case is an illustration of the familiar principle that where the insurance is void ab initio, or the risk has not been commenced, the insured is entitled *374 to a return of the premium where the case is free from fraud on the part of the assured or his agent. The warranty being in the nature of a condition precedent required a strict performance to entitle the party to his right of action, and a breach of it avoided the contract ab initio Colby v. Hunter, M. & M. 81; 3 C. & P. 7. Duguet v. Rhinelander, infra, 360. Murray v. United, Ins. Co. infra, vol. 3, p. 168. Jackson v. New York Ins. Co. id. 191. And Elbers v. United Ins. Co. 16 Johns. R. 128. See also Hendricks v. The Commercial Ins. Co. 8 Johns. R. 1. The general rule, is asserted in the following cases. Tyne v. Fletcher, Cowp. 666. 2 Phill. on Ins. 526, 537. Stevenson v. Snow, 3 Burr. 1240. Lorraine v. Tomlinson, Doug. 585. 8 Term. R. 156, arg. Vorce v. Bruce, 12 East, 225. Vide etiam, Routh v. Thompson, 11 East, 428. Hentig v. Staniforth, 5 M. & S. 122. Frise v. Parkinson, 4 Taunt. 640. Robinson v. United Ins. Co. infra, vol. 2, 250. Holmes v. The Same, id. 329. Forbes v. Church, 3 id. 159. Steinbach v. Rhinelander, id. 269. Graves v. Marine Ins. Co. 2 Caines’ R. 339. Murray v. Columbian Ins, Co. 4 Johns. R. 443. Vredenberg v. Gracie, 4 id. 444, n. (a) Richards v. Marine Ins. Co. 3 id. 307. Taylor v. Sumner, 4 Mass. R. 56. Donath v. Ins. Co. of N. America, 4 Dallas. R. 463. Per Tilghman, J. 471. Scriba v. The Same, 2 Wash. C. C. R. 107 If, however, the insured or his agent commit a fraud upon the underwriter in relation to the insurance, the latter shall retain the premium; as, if by deception and false pretences; the latter is induced to undertake a risk, which if.the truth had been ^disclosed, he would either not have taken at all, or have taken on different terms, it is such a fraud as will defeat his right to maintain an action for a return of the premium. Schwartz v. United States Ins. Co. 3 Wash. C. C. R. 170. Himely v. South Car. Ins. Co. 1 M. Con. Rep. 154. Hoyt v. Gilman, 8 Mass. R. 336. Tyler v. Horne, 1 Park. Ins. 329. Chapman v. Kennet, 1 Park. Ins. 329, S. C. nom. Chapman v. Frazer, 2 Marsh. Ins. 661. Frauds in contracts of insurances have not ■ as yet had any punishment affixed to them by the laws of, England,. Park, on Ins. 330 ; or of this state. But by several of the foreign ordinances the punishment of fraud in matters of insurance is exceedingly severe. By those of Amsterdam it is declared “ that as contracts of insurance are contracts of good faith wherein no fraud or deceit ought to take' place, in case it be found that the insured or insurers, captains, shipping pilots or others used fraud,,deceit or craft they shall not only forfeit by their deceit and craft, but shall also be liable to the loss and damage occasioned thereby, and be corporally punished, for a terror and example to others, even with death as pirates and manifest thieves if it be found that they have used notorious malversation or craft.” The ordinances of Middleberg- contain a provision exactly in the same words. At Stockholm also, it has been declared that such an offender, besides restitution to the party injured shall, according to the circumstances of every particular affair, be punished in his estate, honor and life. 3 Steph. N. P. 2184, n. (980 "