## SUPREME COURT.

### Jacob Decker agt. Stephen Hassel.

Where the plaintiff's son is hired by the defendant for two months, at $15 per month, to work on his farm, and at the end of *five days*, the defendant discharges him, saying he do'nt want him any longer, the plaintiff can recover the full two months wages.

The *defendant's son*, on going to the plaintiff, saying "his father (defendant) had sent him to hire a hand," is a sufficient general *authority* to make such a contract of hiring.

The appellate court will not charge a justice of the peace with improperly denying an application for an *adjournment* of a cause, and not giving any reasons for it at the time, without such error *affirmatively appears*. It will be *inferred*, in the absence of anything to the contrary, that the justice openly stated his reasons for refusing the adjournment.

The whole of a justice's judgment will not be reversed for an error of the justice in allowing a small item of claim—the remaining part of the judgment being correct. The appellate court have full power, under the Code, to reverse in part and affirm in part a justice's judgment for *entire damages*. (*To the same point and effect is Staats agt. Hudson R. R. Co.* 23 *How.* 463.)

*Albany General Term, December,* 1863.

*Present,* Hogeboom, Peckham and Miller, *Justices.*

This is an appeal from the judgment of the Albany county court affirming the judgment of a justice of the peace. The justice rendered a judgment for $30.42 damages, besides costs, upon an alleged contract for the hiring by defendant from the plaintiff, of his son, to work on defendant's farm for two months, at $15 per month. The son worked five days and was discharged by defendant. Plaintiff also recovered forty-two cents for horse feed and

for a dinner furnished defendant's son when he was at plaintiff's to hire plaintiff's son. The defendant appeals to this court.

NORMAN W. FALK, *for plaintiff.*
HENRY SMITH, *for defendant.*

PECKHAM, Justice. On the argument of this cause, I was thoroughly impressed that there was no sufficient evidence of the agency of the defendant's son to make the contract of hiring. On examination I have arrived at a different conclusion. The case shows that he went to plaintiff and told him that "his father (defendant) had sent him to hire a hand." He did hire him for two months, at $15 per month, to work on defendant's farm, and to work with defendant. He did work on defendant's farm for five days, and then defendant discharged him, saying he did not want him any longer. This is all the evidence touching the authority, contained in the case. The statement of the son of plaintiff that went to work for defendant on his farm upon said contract, adds nothing to the proof. The contract was made about the 27th or 28th of April, and the plaintiff's son commenced work on the 28th of April. From this evidence it may legitimately be inferred that the defendant authorized his son to hire a hand to work on defendant's farm—that he had that general authority. If the defendant gave his son a special authority merely— if he were a special and limited agent to hire by the day only, I think the *onus* was upon the defendant to establish it. *Prima facie*, an authority to hire would authorize a contract of this sort, especially, given to a son. It is not an unusual hiring. If a person authorize another to sell a horse, the agent may warrant unless forbidden. (*Dunlop Pa. on Agency,* 4th ed. 197, *and cases there cited.*)

The authority to sell being established, I think the power to warrant is *prima facie* established.

The contract being proved, the plaintiff was entitled to recover for the two months wages under the proof. (*Costigan* agt. *M. & H. R. R. Co.* 2 *Denio R.* 609.)

It is insisted here that the justice erred in not granting an adjournment, as he returns : " On the grounds of suspicion that the application was not made in good faith, and also because defendant did not show where said witness resided, or that he ever expected to procure his attendance on the adjourned day."

It does not appear by the return whether the justice announced to defendant there at the time the grounds of his decision, and I have a strong suspicion that he did not, as there is every probability that the technical objection as to residence of the witness could have been easily obviated, and also the probability shown of procuring his attendance on the adjourned day. One of these witnesses, as I infer by the name, had been previously subpœnaed by the plaintiff. There is some ground for belief that the adjournment was not fairly denied, still the rule is a sound one, that he that alleges error must show it affirmatively. If the justice quietly and without open declaration refused this adjournment, when the action of the parties by the oral examination of the defendant rather assumed that the residence of the witness was well understood, and his attendance easily secured, as no question or objection of that kind was made, I think the justice plainly erred, and the judgment should be reversed. But if this were the fact, the defendant might easily have had it so distinctly appear in the return.

This court will not charge the justice with an error of this kind, without it affirmatively appears. I think it must therefore be inferred in the absence of anything to the contrary, that the justice openly stated his reasons for refusing the adjournment.

It is further objected by defendant's counsel, that the plaintiff recovered forty-two cents for feed for the horses

of defendant, and for a dinner for defendant's son. There was no proof that these were had for the defendant, or that he was in any manner responsible for them.

The proof is simply that " defendant's son had of me (plaintiff) for his horses, one peck of provender and some hay, also dinner." - The justice therefore erred in allowing these items in the judgment against the defendant.

What is the consequence ? Must the whole judgment be reversed because a mistake is made as to this small item ? I think not. The principle decided in *Staats* agt. *H. R. R.* (23 *How.* 463,) will allow this court to do what the county court ought to have done, affirm the judgment as to the contract for the two months work, and reverse it as to this separate item. This reverses it in part and affirms it in part. We do not assume to weigh evidence, or in any manner to decide a question of fact, but whenever a separate distinct item is erroneously allowed by a justice of the peace, there being a total failure of evidence to sustain it, and a correct judgment is given for other matters;. it is the duty of a county court, on appeal, to affirm the judgment in part, and to reverse it in part. If that court fail in its duty, this court on ' appeal, must give the judgment the county court ought to have given. The power to give such judgment is as plainly given to the county court as language can express. After enacting " that the appellate court shall give judgment according to the justice of the case," it is further declared, that " in giving judgment, the court may affirm or reverse the judgment of the court below, in whole or in part, or as to any or all the parties, and for errors of law or fact." (*Code*, § 366.) It is difficult to find broader language as to this power. Its justice is equally plain. There is little propriety in reversing an entire judgment, because a small item is allowed without any legal proof. It is plain that the legislature have endeavored to confer this power upon the court. The courts have seemingly inclined to repudiate it. The Code

Decker agt. Hassel.

is broader in some respects than the Revised Statutes, in its purpose to have the appellate court render the judgment that the court below ought to have rendered. In this case, I think the judgment of the county court should be affirmed in all things except as to the forty-two cents; that as to that item it should be reversed, without costs to either party on this appeal.

MILLER, J. concurred.

HOGEBOOM, J. dissented as to costs of the appeal, and was in favor of granting costs to the respondent.

———————

### ERRATA.

On page 102, line 12 from the top, for the word "variance" read "waiver." On same page in line 11 from the bottom, leave out the word "the" between "in" and "furtherance."

On page 126, on the 18th line from the bottom, for "*state decisions*" read "*stare decisis.*"