## W: T. BRASWELL v. THE AMERICAN LIFE INSURANCE CO.

A person, whose life is insured by a Life Insurance Company, must have *actual* notice of the revocation of an agent's authority to receive premiums, to whom the insured has theretofore paid his premiums and obtained proper receipts, and to whom he paid his last premium, but got no receipt, before he can be charged with any default, or before the company can legally cancel his policy.

If a policy is wrongfully cancelled, the insured has a right to recover back the amount paid as premiums and interest thereon, as "money had and received for his use," or upon a promise of the defendant to indemnify and save him harmless, which the law implies from the wrongful act of the defendant, in the cancellation of the policy; in which case, the measure of damage would be, the amount necessary to enable the insured to obtain another policy.

CIVIL ACTION, tried before MOORE, J., at May Term, 1876, of EDGECOMBE Superior Court.

A jury being waived his Honor found the folowing facts : The plaintiff insured his life in the defendant company in the sum of $2,000, and held a policy for that amount, the continued obligation of which was dependent upon the reg-

ular annual payment to defendant of a premium of $54.40. The policy bore upon its face the following condition : "And it is also agreed that this policy and the insurance hereby effected shall be subject to the several conditions and regulations printed on the back hereof, so far as the same can be applicable, in the same manner as if the same respectively were incorporated in this policy." Printed upon the back of the policy were the following conditions or regulations : " Receipts for premiums excepting first (to be found on the face of this policy) will invariably be given on a separate paper, and will not be valid without the seal of the company." "Policies expire at noon on the last day of the period for which payment has been made."

One Dearing had been the agent of the company to collect the premiums on said policy, and to him the plaintiff had regularly paid his premiums, and had invariably received from said agent the receipt of the company, under its corporate seal, up to the time of the payment of the last premium in 1872. The plaintiff paid said last premium to Dearing, but did not obtain from him before, at, or after said payment, the regular receipt of the defendant company, under its corporate seal.

Before the payment of the last premium the agency of Dearing had been revoked by the defendant company, but the plaintiff had no notice of such revocation, other than that gathered from the facts hereinbefore stated. Up to the commencement of this action the plaintiff had paid five annual premiums, amounting to $272.

The defendant company not having received the last premium, and considering that the plaintiff had forfeited his policy, cancelled the same on its books, and notified the plaintiff of such cancellations, and thereupon the plaintiff instituted this action to recover of the defendant the amount of all the premiums paid by him.

His Honor being of the opinion that actual notice was necessary to determine the agency of Dearing, and there being no actual notice, rendered judgment for the plaintiff. From this judgment the defendant appealed.

*Keenan & Murray*, for appellant.
*Howard & Perry*, contra.

PEARSON, C. J.   If the plaintiff was in default, by failing to pay the premium when due, he forfeited his policy and lost the amount before paid as premiums.   If the defendant was in default, by cancelling the policy positively and peremptorily, the plaintiff has a right to recover back the amount paid as premium and interest thereon as "money had and received for his use;" or upon a promise of the defendant to indemnify and save him harmless, which the law implies from the wrongful act of the defendant in the cancellation of the policy ; in which case the measure of damage would be the amount necessary to enable the plaintiff to obtain another policy, if so minded, which of course would be much higher in respect to the premium, inasmuch as he is several years older than he was when he first obtained the policy ; but the case need not be complicated by this consideration, as the plaintiff is content to take back his money with interest, and be quits of all further connection with defendants.

The question is, who was to blame for the default of Dearing, the insurance agent?   The defendant's place of business was in Philadelphia, the plaintiff resided in the county of Edgecombe, and Dearing, the insurance agent, kept his office in Wilmington, N. C.   The plaintiff made several payments of premiums to Dearing, by sending him the money and receiving in turn a receipt under the corporate seal of the defendant.   This course of dealing was known and approved

of by the defendant, and it furnished Dearing with the proper receipts, under the corporate seal of the company. For some cause satisfactory to itself, the defendant revoked the agency to Dearing, and did not as before, furnish him with receipts under the corporate seal; the plaintiff sent the money to Dearing, having no notice of the revocation of his agency, except what is claimed to be *constructive notice*—by reason of the entry on the back of the policy "receipts for payments will not be valid unless given under the seal of the company."

The fact that the defendant had revoked the agency of Dearing and refused to furnish him with receipts under the seal of the Company, was a matter peculiarly within its own knowledge. We hold that the defendant was guilty of gross negligence, *if not fraud,* by failing to communicate to such of its insured as the books showed were in connection with Dearing, and who had been in the habit of sending him the money and getting a receipt in return.

The Company says, in order to guard against unfaithful agents, it is put on the back of the policies " no receipt valid unless under the seal of the Company." Let it be so; but when by the previous course of dealing the defendant had knowledge of the fact, that the money was transmitted in the first place to Dearing and then the receipt was returned, how can the defendant excuse itself for failing to notify the plaintiff not to transmit the money to Dearing, as his agency was revoked? Fair play required this much. The suggestion that Dearing was the agent of the plaintiff—that is to say, that the gentlemen who go about the country soliciting people to take life insurance policies are the agents of the insured and not of the Company, is simply ridiculous, and must be disregarded or treated as an attempt to swindle. These agencies by which a corporation in Philadelphia is enabled to do business in North Carolina, are for the benefit

---

of the corporation. The corporation appoints the agent, pays him, and he is its creature; how can his unfaithfulness be charged to the insured?

There is no error.

PER CURIAM.                    Judgment affirmed.