Follett, J.
In filling up the application for this policy, Nipgen was the agent of the insurance company, and was not the agent of Pyle. Insurance Co. v. Williams, 39 Ohio St. 584. And though the application was thus made, the policy was canceled for its untrue statements innocently made on the part of. Pyle.
The application and the policy together form the contract. The terms of the contract are plain and free from doubt or ambiguity. It is agreed in the application, “that this application shall form a part of the contract of insurance, and that if there be, in any of the answers herein made, any untrue or evasive statements, or any misrepresentations or concealment of facts, then any policy granted upon this application shall be null and void.”
And the policy provides that “ this policy is issued and accepted upon the following express conditions and agreements : 1. That the answers, statements, representations, and declarations, contained in, or indorsed upon this application for this insurance — which application is hereby referred to, and made part of this contract — are warranted by the insured to be true in all respects; and that if this policy has been obtained by or through any fraud, misrepresentation. or concealment, that this policy shall be absolutely null and void.”
*29 I. Did the policy ever attach, or was it ever valid ?
The court finds as conclusions of fact, that “ several of the answers to questions contained in the application of the plaintiff, on -which the policy of insurance was issued, were erroneously answered;” and the “court further finds that the untruth of several of said answers was upon questions material to the risk, and that, by the terms of said policy and the application which became and was a part thereof, the untruth of said answers constituted breaches of the warranties in respect thereof contained in said policy, and that by its terms the breach of said warranties was to make said policy null and void.”
And the court finds as a conclusion of law, that the policy “is wholly void, and of no effect whatever, and was so from the moment it was issued.”
But the plaintiff in error insists that the policy took effect and was in force until it was cauceled. To sustain such a claim would ignore the expressed terms of both the application and the policy, as well as the cause of the cancellation of the policy. These terms the plaintiff in error has never waived, but it-has insisted upon them and acted upon the strict letter.of the agreement, and has canceled the policy.
This is not a new question in the courts. In the case of Clark v. Manufacturer's Ins. Co., 2 Woodb. & M. 472, the court held: “A warranty is generally a stipulation made and described in the policy itself, and must be complied with, whether material or not.” “Where a material fact is suppressed in such representations, the insurance is avoided, and the policy does not attach, whether the suppression happens by neglect or fraud.” In Friesmuth v. Agawam Mutual Fire Ins. Co., 10 Cush. 587, “the application contained an untrue representation that the property was unincumbered,” and the court held, “ that the policy was wholly void.” In Foot v. The Ætna Life Ins. Co., 61 N. Y. 571, the court held: “ If a policy of insurance declare that the statements made in the application shall be *30 part and parcel of the policy, such statements become warranties, and must be true, whether material or not.”
“A contract of insurance, like other contracts, is avoided by an untrue statement by either party as to a matter vital to the agreement, though there be no intentional fraud in the misrepresentation.” The Co-operative Life Ass’n of Miss. v. Leflore, 53 Miss. 1.
On a similar coutract the supreme court of the United States, in Jeffries v. Life Ins. Co., 22 Wall. 47, held : “Any answer untrue in fact, and known by the applicant for insurance to be so, avoids the policy, irrespective of the question of the materiality of the answer given, to the risk.” And in the opinion, Mr. Justice Hunt says: “Nothing can be more simple. If he makes any statement in the application, it must be true. If he makes any declaration in the application, it must be truc. A faithful performance of this agreement is made an express condition to the existence of a liability on the part of the company.” And this is approved in the case of Ætna Life Ins. Co. v. France, 91 U. S. 510, and there the court also held, “that the company was not liable if the statements made by the insured were not true. The agreement of the parties that the statements were absolutely true, and that their falsity in any respect should void the policy, removes the question of their materiality from the consideration of the court or jury.”
This court, in Union Mutual Life Ins. Co. v. McMillen, 24 Ohio St. 67, held: “Where a life policy is made and accepted, upon the expressed condition that if the annual premium is not fully paid within the time specified, the policy ‘ shall be null and void, and wholly forfeited,’the failure to pay the premium avoids the policy;” and that was where the policy had attached. But in such a case, in Union Central Life Insurance Co. v. Bernard, 33 Ohio St. 459, the court held, where “the uniform custom of the insurance company has been to give notice of the time when the premiums fall due, and to collect the same at the residence of the policy-holder, through a local agent residing in his neighborhood, good faith requires that this mode of *31 collection should not be discontinued, and payment required at the company’s office, without notice to the insured.”
There are mistakes jm policies that may be disregarded or corrected and the policy enforced. See Harris v. Columbiana County Mutual Ins. Co., 18 Ohio, 116, and Insurance Co. v. Williams, supra. But in this case the court did not err in holding the policy “ is wholly void and of no effect whatever, and was so from the moment it was issued.”
II. Should the premium be returned ?
The court finds as a conclusion of law that Pyle is entitled to recover of the insurance company the premium paid, with proper interest. The court thus held, not only because the policy was void ab initio, but because it also found “that all of said questions so erroneously answered were answered by the plaintiff under an innocent misapprehension of the purport of the questions and the answers, and the answers that should have been made thereto, and without any intent to perpetrate a fraud of any kind upon the defendant.”
There was no actual fraud, at least on the part of Pyle. On this policy, no risk ever attached.
In 1777, in the case of Tyrie v. Fletcher, Cowp. 666, 668, Lord Mansfield stated the general rule to be, “that where the risk has not been run, whether its not having been run was owing to the fault, pleasure, or will of the insured, or to any other cause, the premium shall be returned, because a policy of insurance is a contract of indemnity. The underwriter receives a premium for running the risk of indemnifying the insured, and whatever cause it be owing to, if he does not run the risk, the consideration, for which the premium or money was put into his -hands, fails, and therefore he ought to return it.”
In 1800, in the case of Delavigne v. United Ins. Co., 1 Johns. Cas. 310, the court held, “where a policy becomes, void by a failure of the warranty, the insured is entitled to a return of the premium, if there be no actual fraud.”
“Where a policy is avoided by concealment or by misrepresentation not fraudulent, the assured is entitled to a *32 return of the premium, and the policy is conclusive evidence of the receipt of the premium by the insurer.” Anderson v. Thornton, 8 Exch. 425.
And such is now the general rule. See 3 Kent, *341, and May on Ins. § 4.
The rule is different where the risk has attached or there is actual fraud.
Tet it is urged here that “ we must leave the premium paid by the insured to be disposed of according to the terms of his contract with the insurer.” No such terms exist. There is no contract between Pyle as the “insured” and the company as the “insurer.” Under this policy Pyle never was insured, and the company never was an insurer of Pyle. The policy has always been void, and this claim, based on the contract, is as void as the policy. From all that appears Pyle was not in fault, and the agent should not have obtained the premium, and the insurance company should not retain Pyle’s money.
Of course, we have not considered how far the provisions of such a policy may be waived by the acts of the parties, nor to what extent such parties may be bound by their subsequent acts, and in connection with such provisions, and what was done in procuring such application and policy. The court did not err.

Judgment affirmed.