(9 Misc. Rep. 389.)

## SOLOMON v. VALLETTE.

(Superior Court of Buffalo, General Term. July 5, 1894.)

MASTER AND SERVANT—ACTION FOR WAGES—WRONGFUL DISCHARGE.

In an action for wages, brought after an alleged wrongful discharge of plaintiff, but before the time for which he was employed had expired, he cannot recover for wages which accrued after the action was brought.

Appeal from trial term.

Action by Alexander Solomon against Victor Vallette. From a judgment entered on the verdict of a jury in favor of plaintiff, and from an order denying a motion for a new trial made on the minutes of the judge, defendant appeals. Reversed.

Argued before TITUS, C. J., and HATCH and WHITE, JJ.

Edward Jellinek, for appellant.

B. F. Dake, for respondent.

WHITE, J. This action is prosecuted for the recovery of $1,295 alleged to have been due from the defendant to the plaintiff at the time of the commencement of this action, on January 19, 1887, under a contract of employment between the parties. The complaint alleges that on September 25, 1886, the plaintiff and defendant entered into a contract in writing, in and by which the defendant employed the plaintiff to perform certain work and services for the defendant, for which the defendant agreed to pay the plaintiff $35 a week from September 25, 1886, until September 25, 1887; that the plaintiff entered upon the performance of the contract, and so continued until January 12, 1887, when he was wrongfully discharged from service by the defendant; that the plaintiff's wages were paid by the defendant to January 8, 1887, and that by reason of the premises there was, at the time of the commencement of the action, due from the defendant to the plaintiff $1,295. The only issuable fact alleged in the complaint denied by the answer is the wrongful discharge, and so the allegations of the complaint as to the term for which the plaintiff was hired, and the compensation to be paid to him, as stated in the complaint, must be taken to be true for the purposes of this action. Code Civ. Proc. § 522; Southwick v. Bank, 84 N. Y. 420; Arnold v. Angell, 62 N. Y. 508.

The action was tried December 1, 1888, and the plaintiff recovered for 27 weeks and 3 days' services at the rate provided by the contract, as alleged in the complaint; being for the period of time

between January 8, 1887, and July 20, 1887, at which last-named date the plaintiff had entered upon other employment. A mass of testimony was given on both sides, upon the trial of this case, to which exceptions were taken, but perhaps it may be fairly said that it bore more or less directly upon the main question, to wit, whether or not the plaintiff had been wrongfully discharged from service, although at first blush much of it seems too remote. At the close of the plaintiff's case, the trial court ruled: (1) That, under the complaint, it was competent for the plaintiff to recover wages, as such, which accrued subsequent to the commencement of the action, if he was wrongfully discharged; and which was, to all intents and purposes, holding that upon the wrongful discharge of the plaintiff, assuming it to have been such, future wages to the end of the term became due and payable immediately; and (2) that, by the terms of the hiring, the plaintiff has the right to continue in the defendant's service until the defendant should terminate the employment by a notice in writing. The defendant excepted to these rulings. The court charged the jury that, if the plaintiff is entitled to recover at all, he is entitled to recover wages from January 8 to July 20, 1887. This was also excepted to. The court was requested by the defendant to charge that, if the plaintiff is entitled to recover at all, he can recover only to the time of the commencement of the action. This was refused, and exception taken. I think these rulings were erroneous, and that the exceptions to them are well taken.

It will certainly require no extended argument, nor the citation of authority, to establish the proposition that where wages are payable by the week, and default is made in payment, an action can be successfully maintained to recover only such installments as have become due when the action is begun, in the absence of any agreement between the parties that a different rule shall be applied. The principle of law applicable to the facts of the case, as conceded by the pleadings, seems to have been lost sight of for the moment, and another, which would be applicable to a different state of facts, adopted. If, for instance, the action was for damages caused to the plaintiff for his wrongful discharge, he could have recovered such damages as he could have shown he had sustained at the time of the trial, and the wages which he would have earned up to that time would have been prima facie, and prima facie only, the measure of such damages. It is only in cases where the term of employment has expired at the time of the trial that the whole amount of wages for the whole term, under the contract, furnishes prima facie the proper measure of damages recoverable in an action like this. In such a case, wages, as such, are recoverable only up to the time of the commencement of the action. Decker v. Hassel, 26 How. Pr. 528; Huntington v. Railroad Co., 33 How. Pr. 416; Costigan v. Railroad Co., 2 Denio, 609; Heim v. Wolf, 1 E. D. Smith, 70; Thompson v. Wood, 1 Hilt, 93; Toles v. Hazen, 57 How. Pr. 516; Everson v. Powers, 60 How. Pr. 166; Wallace v. Devlin, 36 Hun, 275; Moody v. Leverich, 4 Daly, 401, 402; Weed v. Burt, 78 N. Y. 191; Colburn v. Woodworth, 31 Barb. 381; Ever-

son v. Powers, 89 N. Y. 527; Gifford v. Waters, 67 N. Y. 80; Fuchs v. Koerner, 107 N. Y. 529, 14 N. E. 445; Howard v. Daly, 61 N. Y. 369.

The ruling that the contract of hiring could be terminated by the defendant only by a notice in writing seems also to have been made upon the theory that the plaintiff, by virtue of the instrument of October 1, 1886, had acquired such an interest in the property to which his agency related as made such a notice a condition precedent to the right of the defendant ever to regain possession of the property. No such right was asserted by the answer. In law, the answer admitted the right of the defendant to resume possession at the end of the year of service, and for that reason the ruling was erroneous. Moreover, no such right is given to the plaintiff, nor is any such condition precedent created against the defendant, by the instrument in question. It contains no provision that the plaintiff shall either be employed beyond the year, or that he shall have any custody or dominion over the property to which his agency relates, at any time, except as the agent and servant of the defendant. To say that, under the instrument in question, the dominion over the property which was the subject of the agency had passed to the agent, as against the principal, as it seems to me, would do violence to that elementary principle of law which regulates the relations of principal and agent. By its terms, the instrument, under the most liberal construction which the plaintiff can claim, provides that at the expiration of the year the defendant shall continue the business for 30 days after revoking the agency, for the purpose of enabling the plaintiff to purchase the property. There is not a word in the instrument which would compel the defendant to employ the plaintiff after the expiration of the year, or to leave the property in his possession after that time. The provision is that, after that time, he, the defendant, will carry on the business himself. But, in any event, the rule applies that the facts admitted by the pleadings must control, and the only fact in dispute under the pleadings is whether the plaintiff was rightfully or wrongfully discharged, and not whether the defendant was guilty of a breach of some contract not set forth in the pleadings. These views necessitate a reversal of the order and judgment appealed from. All concur.