GEORGE B. MILLER, Respondent, *v.* THE UNION CENTRAL LIFE INSURANCE COMPANY, Appellant.

*Money had and received — void policy of insurance.*

Upon the trial of an action brought to recover a premium paid for life insurance, on the ground that the payment was procured by the fraud of the company's agents, it appeared that in answer to the printed question, "Are you engaged in any way in the sale or manufacture of alcoholic, malt or vinous liquors?" the medical examiner of the company wrote "No," although the insured kept a restaurant and bar to the knowledge of the soliciting agent, and the medical examination took place in a small room separated from the bar only by a lattice work partition. The plaintiff testified that the question was not read to him, and that he told both the agent and physician that he owned the bar and sometimes acted as bartender.

*Held,* that the fact that under these circumstances the defendant would have no defense to an action upon the policy when it should become due upon the death of the insured was no answer to an action for moneys had and received; that it was not the duty of the plaintiff to make any further payment upon such a policy.

APPEAL by the defendant, The Union Central Life Insurance Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 7th day of June, 1894, upon the verdict of a jury rendered after a trial at the Erie Circuit, and also from an order entered in said clerk's office on the 7th day of June, 1894, denying its motion for a new trial made upon the minutes.

*Willis H. Meads,* for the appellant.

*E. G. Mansfield* and *Fred W. Ely,* for the respondent.

DWIGHT, P. J.:

The action was to recover a premium paid by the plaintiff on the issuance to him of a life policy by the defendant, on the ground that such payment was procured by the fraudulent conduct and representations of the defendant's agents. Several specifications of fraud were made by the complaint, all but one of which, however, were withheld by the court from the consideration of the jury. That one was submitted in the following language of the charge : " It is the claim of the plaintiff that Wright (the general agent of the defendant) and the doctor associated with him produced and sent to the company a record which purported to be the medical examination of the plaintiff, which was inaccurate and fraudulent ; that in it they had recorded an answer that was not given by the plaintiff, and which was known to these parties as not to have been given by him, which answer, if made, would make the policy issued to plaintiff void."

The plaintiff was a restaurant keeper and kept a bar in his restaurant. Wright, the agent who took his application, was in the habit of taking lunch there, and knew very well the business in which he was engaged. He took the application in the restaurant and in plain sight of the bar ; he afterwards brought in the examining physician and introduced him to the plaintiff, and the medical examination was taken and reduced to writing in a little room separated from the bar only by a lattice work partition. In that examination occurred the printed question : " Are you engaged in any way in the sale or manufacture of alcoholic, malt or vinous liquors ? " and to this question the physician wrote the answer " No."

In respect to this question and answer, the plaintiff testified that neither the agent nor the medical examiner read that question to him ; that they asked him if he owned the bar and he told them he did ; that they asked him if he ever tended the bar and he told them he did once in a while when the barkeeper was out. He testified that he did not read the examination after it was filled out, nor was it read to him, but that he signed it, as he was told to do, on the statement that it was all right, and ignorant of the fact that it contained the question and answer above stated. The agent testifies that he was not present at the taking of the examination ; and the medical examiner that he read to the plaintiff the question in dis-

pute and that he answered it in the negative. This made the single issue of fact which was submitted to the jury, and they found thereon in favor of the plaintiff. The court charged the jury that, if the fact was as testified to by the plaintiff, that he informed the agent and medical examiner that he owned and kept the bar, and sometimes attended upon it himself, and the examiner inserted the negative 'answer to the question quoted and took the plaintiff's signature to the examination without reading it to him, then the fraud complained of was established; that there was no room for the theory of mistake, and that the jury might assume it was done for some ulterior purpose. There was no exception to this instruction nor to any portion of the charge.

In his complaint the plaintiff alleged that when he discovered, after the payment of the first premium on his policy, that he was recorded as having made the false answer to the question concerning his engagement in the liquor traffic, he requested the defendant through its said general agent to waive the provision in his policy which prohibited such occupation on his part, and that the defendant refused so to do. This allegation is supported by the testimony of the plaintiff to the effect that he did make such request, and that the only proposition made to him in response was, that if he would amend his answer in question so as to state that he was the proprietor of the bar, but that he had a bartender, and did not attend to the bar himself, the company would give him the waiver, but that the plaintiff refused to make the answer in that form for the reason that it would still have been a false answer to the question, and, as the court instructed the jury, on this point there was substantially no controversy.

On the trial the plaintiff produced the policy and offered then and there to cancel and surrender the same.

This, then, is the case which went to the jury and was determined by a verdict for the plaintiff, and that verdict was, no doubt, sufficiently supported by the evidence.

It is upon its exception to the denial of its motion for a nonsuit and for the direction of a verdict that the defendant depends for an argument in support of this appeal, and that upon the ground that upon the facts testified to by the plaintiff the defendant would have had no defense to an action on the policy. This may very well be

conceded, but the proposition is not to be entertained that — such being the facts — it was the duty of the plaintiff to go on through his lifetime paying the premiums on a policy which, on the face of the paper on which it had been procured by him, was void, and at his death leave to the beneficiary named therein the legacy of a lawsuit without even the benefit of his testimony to prove the fraud which had been perpetrated upon him.

We have no doubt, upon the facts established by the verdict in this case, that the plaintiff's action was well brought and the judgment properly rendered in his favor.

The judgment and order appealed from should be affirmed.

LEWIS and BRADLEY, JJ., concurred.

Judgment and order affirmed.