## SKUDERA v. METROPOLITAN LIFE INS. CO.

(Supreme Court, Appellate Term, First Department.    June 22, 1896.)

ASSUMPSIT—PREMIUMS PAID ON FORFEITED POLICY.

Assumpsit will not lie to recover premiums paid on life insurance policies alleged to have been wrongfully forfeited by the insurer, but the remedy of the insured is either by action at law for damages for the insurer's breach of contract, or an action in equity to have the policies adjudged to be in force.

Appeal from Fourth district court.

Action by Annie Skudera against the Metropolitan Life Insurance Company to recover, as for money had and received by defendant to plaintiff's use, all premiums paid by plaintiff on five policies of life insurance which were issued by defendant, and which, as alleged, it severally and wrongfully assumed to forfeit for nonpayment of a premium. A judgment of nonsuit was rendered in favor of defendant, and plaintiff appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Chas. L. Hoffman, for appellant.
C. N. Bovee, Jr., for respondent.

BISCHOFF, J. The action was in assumpsit to recover the premiums paid upon five several policies of life insurance which were alleged to have been wrongfully forfeited by the insurer; and, the judgment appealed from being one of nonsuit, the plaintiff is entitled to a construction of the evidence most favorable to her. McNally v. Insurance Co., 137 N. Y. 389, 33 N. E. 475. Observing the rule stated, the case, as developed upon the trial, was that during the years 1882 and 1883 the plaintiff effected five policies of life insurance in the defendant company, upon each of which policies she regularly paid the weekly premiums as they matured until March, 1895, amounting in the aggregate to $165.95, and that thereafter the defendant unjustifiably assumed to forfeit each of such policies for nonperformance of a condition subsequent, to wit, the payment of premiums maturing subsequently to those actually paid. The question which arose upon the motion of the defendant's counsel for dismissal of the complaint was solely with regard to the plaintiff's right to recover in assumpsit, as for money had and received by the defendant to her use, the premiums paid, and we concur in the justice's decision that the plaintiff had mistaken her remedy. Granting that upon the defendant's breach the plaintiff could treat the contract, with regard to each of the policies, as determined, it does not follow that the defendant was bound, ex æquo et bono, to restore the premiums received by it, for which, in part at least, the plaintiff had had value, in the risk assumed by the defendant. Plainly, the plaintiff could not predicate a rescission of the contract of the defendant's breach, without restitution by her of what she had received under the contract; and a contract of life insurance being essentially indivisible, in point of performance, by either of the parties thereto (Cohn v. Insurance Co., 50 N.

Y. 610), such restitution was, in the nature of things, impossible (Whart. Cont. § 748; Clark, Cont. 774; Hunt v. Silk, 5 East, 449). In a case such as the one at bar, if the insured is unwilling to await the maturity of the policy, and then to test its continued vitality, only two remedies are available: The insured may either sue at law for damages for the insurer's breach of contract, or prosecute an action in equity to have the policy adjudged to be in force, and the insurer to accept the premium refused. Suth. Dam. § 838; Speer v. Insurance Co., 36 Hun, 323; Day v. Insurance Co., 45 Conn. 480; Hayner v. Insurance Co., 69 N. Y. 435; Cohn v. Insurance Co., supra. The case at bar should be distinguished from a case where the failure of consideration for the premiums paid is entire, in that the risk to be assumed by the insurer under the policy never attached; the policy being avoided for noncompliance with a condition precedent, fraud, or other causes. 11 Am. & Eng. Enc. Law, 345; Delavigne v. Insurance Co., 1 Johns. Cas. 310; Fulton v. Insurance Co., 4 Misc. Rep. 76, 23 N. Y. Supp. 598; Miller v. Insurance Co., 86 Hun, 6, 33 N. Y. Supp. 112.

Judgment affirmed, with costs. All concur.