(36 Misc. Rep. 287.)

### CLIFFORD v. PROTECTIVE LIFE ASS'N.

(Supreme Court, Special Term, Erie County. November, 1901.)

ACCIDENT POLICY—CANCELLATION—DAMAGES.

A life policy gave the insurer the right to cancel it by a written notice and the return of the membership fee. *Held*, that on the illegal cancellation for an alleged failure to pay an assessment levied the measure of damages is only the membership fee.

Appeal from municipal court of Buffalo.

Action by Frank L. Clifford against the Protective Life Association. From a judgment for plaintiff, defendant appeals. Reversed on condition.

H. W. Hill, for appellant.
John W. Wartman, for respondent.

KENEFICK, J. The insurer canceled this policy of accident insurance upon the ground that the insured had failed to pay an assessment levied January 2, 1901, and payable on or before February 1, 1901. Upon the trial plaintiff claimed that said assessment had been promptly paid. Upon the whole evidence a question of fact upon this issue was fairly presented for the determination of the trial court, and with its decision upon that question we will not interfere.

The recovery permitted in the court below was the membership fee and premiums paid by the insured. There is authority in other jurisdictions for sustaining such a measure of damage in similar actions on life insurance policies. Braswell v. Insurance Co., 75 N. C. 8; Lovick v. Association, 110 N. C. 93, 14 S. E. 506; Burrus v. Insurance Co. (N. C.) 32 S. E. 323; Insurance Co. v. Pottker, 33 Ohio St. 459, 31 Am. Rep. 555; Insurance Co. v. Tullidge, 39 Ohio St. 240; Insurance Co. v. McAden, 109 Pa. 399, 1 Atl. 256;

Suess v. Insurance Co., 64 Mo. App. 1; Slater v. Supreme Lodge, 76 Mo. App. 387; Van Werden v. Society, 99 Iowa, 621, 68 N. W. 892. Indeed, there is a special term decision in this state upholding this rule. Meade v. Insurance Co., 51 How. Prac. 1. The later decisions in this state uniformly reject this measure of damage.

In Speer v. Insurance Co., 36 Hun, 322, the rule adopted is as follows: First, if the life is still insurable, any increase in cost in replacing the broken contract with another. of equal value to him in some responsible company; second, if the life has ceased to be insurable, the actual value of the policy at the time of the breach as a valid policy against an entirely responsible company. This rule was cited with approval in Farley v. Insurance Co., 41 Hun, 303. In Skudera v. Insurance Co., 17 Misc. Rep. 367, 39 N. Y. Supp. 1059, it was held that an action could not be maintained, upon an alleged wrongful forfeiture of a life insurance policy, to recover back the premium paid as for money had and received. The rule enunciated in the Speer Case, supra, was followed by the court of appeals in Toplitz v. Bauer, 161 N. Y. 325, 55 N. E. 1059, and is laid down in other recent cases. Langan v. American Legion of Honor, 34 Misc. Rep. 629, 70 N. Y. Supp. 663; Keyser v. Association, 60 App. Div. 297, 70 N. Y. Supp. 32. Here, however, we have simply an accident policy. The age and health of an applicant for such insurance are 'not of such vital importance as is his business and occupation, and the insurance is temporary in character. Were the policy to continue indefinitely upon the prompt payment of periodical premiums, it would seem that the fair measure of damages would be the cost of replacing the contract upon the same terms in some responsible company. In the policy under consideration we find a clause reserving to the insurer the right to terminate the policy at any time at its option by written notice to the member and return of the original membership fee. While it is true that the cancellation of this policy is placed on another ground, viz. the failure to pay the assessment, I am inclined to the opinion that, in view of the above provision in the contract, the proper measure of damage in this action is the amount of the membership fee, to wit, $3. The judgment is therefore reversed, with costs, and a new trial ordered in the municipal court of Buffalo (Buffalo City Charter, § 457), unless the plaintiff shall elect to reduce the recovery to $3 damages and $220 disbursements, and shall file written notice of such election with the clerk of this court within 10 days from the date hereof, in which event judgment as so modified is affirmed, without costs. La Motte v. Archer, 4 E. D. Smith, 46; Decker v. Hassel, 26 How. Prac. 528; Powers v. Hanford, 7 App. Div. 343, 39 N. Y. Supp. 936.

Judgment reversed, with costs, and new trial ordered in municipal court, unless plaintiff elect to reduce recovery to $3 damages and $220 disbursements, and shall file written notice of such election with the clerk of this court within 10 days from date, in which event judgment as modified affirmed, without costs.