WALKER and CONNOR, JJ., dissenting. *Page 257 
Plaintiff moved for judgment upon the facts alleged in the complaint and admitted in the answer. Motion overruled, and plaintiff appealed.
On 15 December, 1897, the defendant adopted a resolution under which it would assess the plaintiff according to the table for "attained age" indorsed on his policy. He paid the first assessment made upon that basis under protest, and thereafter paid them without objection till an assessment was levied 1 February, 1899, when he quietly and silently dropped out, making no complaint or demand (355) till the summons was issued in this action, 18 January, 1906.
In Green v. Ins. Co., 139 N.C. 312, it is said that "the plaintiff voluntarily ceased payment and abandoned his policy. He cannot be heard to ask damages for its cancellation. Ins. Co. v. Phinney, 178 U.S. 327; Ins.Co. v. Sears, ib., 347; Ryan v. Ins. Co., 96 Fed., 796. In every case where damages have been allowed for the cancellation of a policy of insurance it was alleged and proved that the cancellation was wrongful. Braswell v. Ins.Co., 75 N.C. 8; Lovick v. Life Assn., 110 N.C. 93; Burrus v. Ins. Co.,124 N.C. 9; Hollowell v. Ins. Co., 126 N.C. 398; Strauss v. Life Assn.,ib., 971; Simmons v. Life Assn., 128 N.C. 469. . . . His motive, or the method of reasoning by which he arrived at his conclusion to abandon his policy, was irrelevant."
It is true that the statute of limitation does not run in favor of the nonresident defendant (Green v. Ins. Co., supra), but the plaintiff, having abandoned his policy and stopped payment thereon in February or March, 1899, cannot be heard to assert any rights thereunder in this action, nearly seven years thereafter. He is estopped by his abandonment and delay. 2 Pom. Eq., sec. 818, says upon this head: "This species of estoppel, as well as other kinds which consist of affirmative acts or representations, applies to corporations in their dealings with third persons and with their own stockholders. Conversely, stockholders may be estopped by their acquiescence from objecting to the acts of the corporations which are not illegal or mala prohibita, but ultra vires. When the rights of innocent third parties have intervened, express assent is not necessary to estop the stockholders. When they neglect to promptly and to actively condemn the unauthorized act and to seek judicial relief after knowledge of its being done, they will be deemed to have acquiesced and will be estopped as against innocent third persons." To same purport many other authorities can be cited. *Page 258 
(356) An insurance company exists by means of the payments it receives. These must be regular, that it may meet its liabilities. A member cannot drop out, disregard his duties and make no payments for nearly seven years, and then assert by action a claim that the other members be assessed to pay him what possibly he might have recovered if he had asserted his claim in apt time. Many thousands of new members have come in, who ought not to have the fund, created almost if not entirely of payments made since the plaintiff dropped out, subjected to payment of claims of which they had no notice and which may be thousands in number and aggregate hundreds of thousands of dollars in amount. If seven years' acquiescence and nonpayment of assessments do not estop the plaintiff, then there is no limit of time or of nonpayment that will bar. No one would be safe in becoming a member of a mutual life insurance company under such circumstances. Legessubveniunt vigilantibus non dormientibus. The court properly sustained the demurrer to the evidence.
No error.